*1344
 
 OPINION
 

 Per Curiam:
 

 This original petition for a writ of mandamus or prohibition challenges an order of the district court denying a motion to dismiss a cross-claim for failure to serve the cross-claim within 120 days from the date it was filed.
 

 We have previously stated that we will not exercise our discretion to consider writ petitions that challenge orders of the district court denying motions to dismiss or motions for summary judgment. State ex rel. Dep’t Transp. v. Thompson, 99 Nev. 358, 662 P.2d 1338 (1983). We adopted this policy because very few writ petitions warrant extraordinary relief, and this court expends an enormous amount of time and effort processing these petitions.
 
 Id.
 
 at 361-62, 662 P.2d at 1340.
 

 Nevertheless, we have allowed a very few exceptions where considerations of sound judicial economy and administration militated in favor of granting such petitions.
 
 See, e.g.,
 
 State v. Babayan, 106 Nev. 155, 176, 787 P.2d 805, 819 (1990) (granting a writ of mandamus dismissing an indictment to prevent a “gross
 
 *1345
 
 miscarriage of justice”). Although we reaffirm the general rule of
 
 Thompson,
 
 this court will continue to exercise its discretion with respect to certain petitions where no disputed factual issues exist and, pursuant to clear authority under a statute or rule, the district court is obligated to dismiss an action.
 
 [1]
 
 Additionally, we may exercise our discretion where, as here, an important issue of law requires clarification. The interests of judicial economy, which inspired the
 
 Thompson
 
 rule, will remain the primary standard by which this court exercises its discretion.
 

 The underlying case arises from an automobile accident that occurred on June 17, 1993. Linda Lee was a passenger in a car driven by real party in interest Ho Ming Chang. The other car involved in the collision was driven by petitioner Allen Smith. Petitioner Joanne MacDougall was the owner of the car driven by Smith.
 

 On March 27, 1995, Lee filed a complaint in district court against petitioners and Chang. The complaint alleged that Lee had been injured in the accident mentioned above, and that petitioners and Chang were responsible for her injuries.
 

 On or about May 3, 1995, Chang, acting through his attorney, Robert M. Ebinger, filed a document in the district court entitled “cross-claim.” This purported cross-claim named petitioners as defendants, and alleged that petitioners were responsible for Chang’s personal injuries sustained in the accident. Attorney Ebinger did not immediately serve a copy of this cross-claim on petitioners.
 

 Thereafter, on May 24, 1995, Chang, acting through a different attorney, Kenneth A. Cardone, filed an answer to Lee’s complaint. On June 17, 1995, the statute of limitations ran on Chang’s personal injury claim. NRS 11.190(4)(e). Chang’s purported cross-claim for his own personal injuries had not yet been served on petitioners.
 
 [2]
 

 The parties then selected an arbitrator. One of Chang’s attorneys, Cardone, participated in the selection process, but Chang’s other attorney, Ebinger, did not. The arbitrator scheduled an early arbitration conference for September 6, 1995. It was at this conference that petitioners first learned that Chang had other
 
 *1346
 
 counsel, and that Chang was asserting a claim against them based on his own personal injuries.
 

 Subsequently, on September 6, 1995, Ebinger served Chang’s cross-claim on petitioners by mailing a copy of the document to petitioners’ counsel. This mailing took place 126 days after the cross-claim was filed in district court.
 
 [3]
 
 On September 18, 1995, petitioners moved the district court to dismiss Chang’s cross-claim. Petitioners argued that the cross-claim was not served within 120 days from the date it was filed as required by NRCP 4(i), and that Chang did not have good cause for the delay in service. Chang opposed the motion, and on October 27, 1995, the district court denied the motion without any discussion. This petition followed.
 

 In this court, petitioners argue that Chang’s cross-claim must be dismissed because it was not served within 120 days from the date it was filed as required by NRCP 4(i). Chang counters that his cross-claim is not governed by NRCP 4(i). According to Chang, NRCP 4(i) applies only to original complaints, and other pleadings must be served pursuant to NRCP 5. Thus, Chang asserts that since there are no time limits for service in NRCP 5, his cross-claim could be served at any time on counsel for an opposing party. We conclude that both parties’ arguments are incorrect because the arguments are based on a fundamental misunderstanding of the difference between a pleading and a claim.
 

 NRCP 7(a) sets forth a list of the pleadings that are permissible in a civil action in Nevada, as follows:
 

 (a) Pleadings. There shall be
 
 a complaint
 
 and
 
 an answer; a reply
 
 to a counterclaim denominated as such;
 
 an answer
 
 to a cross-claim, if the answer contains a cross-claim;
 
 a third-party complaint,
 
 if a person who was not an original party is summoned under the provisions of Rule 14; and
 
 a third-party answer,
 
 if a third-party complaint is served.
 
 No other pleading shall be allowed,
 
 except that the court may order
 
 a reply
 
 to an answer or a third-party answer.
 

 (Emphasis added.) Thus, the only pleadings allowed are complaints, answers and replies. A claim is not a pleading; it is “a demand as one’s own or as one’s right.”
 
 Black’s Law Dictionary
 
 224 (5th ed. 1979). Such a demand, to be legally cognizable, must be asserted in a pleading. Counterclaims and cross-claims are types of claims, not types of pleadings.
 

 
 *1347
 
 This construction of NRCP 7(a) is supported by other rules of civil procedure. For example, NRCP 8 states that “[a] pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain .... [the pleader’s] demand for judgment for the relief to which he deems himself entitled.” Thus, a claim, however designated, must be set forth in a pleading. Similarly, NRCP 13(a) begins with the phrase “[a] pleading shall state as a counterclaim any claim,” and NRCP 13(g) begins with the phrase “[a] pleading may state as a cross-claim any claim.”
 

 Counterclaims and cross-claims must be set forth in pleadings authorized by NRCP 7, because “[n]o other pleading shall be allowed.” NRCP 7(a);
 
 see
 
 Langer v. Monarch Life Ins. Co., 966 F.2d 786, 808-11 (3d Cir. 1992) (filing a cross-claim as a separate document instead of asserting it in an answer was a violation of Rule 11 warranting sanctions); In Re Cessna Distributorship Antitrust Litigation, 532 F.2d 64, 67 n.7 (8th Cir. 1976) (“A cross-claim must be stated in a pleading. At the same time, it is not itself a pleading.”). This concept has been further explained as follows:
 

 The answer must include all compulsory counterclaims against any opposing party, and may include permissive counterclaims against any opposing party and cross-claims against any co-party. New parties may also be joined in counterclaims and cross-claims. Counterclaims and cross-claims are not separate pleadings, but are claims for relief that may be set forth in answers and complaints. If a counterclaim or cross-claim is presented as a separate pleading, amendment of the party’s prior pleading to include the counterclaim or cross-claim will generally be allowed, unless the opposing party would be prejudiced.
 

 2 James Wm. Moore et al.,
 
 Moore’s Federal Practice
 
 § 7.02[3][b] (3d ed. 1997);
 
 see also
 
 Burns v. Lawther, 53 F.3d 1237, 1241 (11th Cir. 1995) (Federal Rule of Civil Procedure 7 clearly and precisely lists the documents that are pleadings, and explicitly excludes everything else from its definition of a pleading).
 

 In this case, Chang’s cross-claim asserting personal injuries was not a pleading, and was not properly filed. Therefore, the 120-day period for service of a complaint imposed by NRCP 4(i) does not apply to Chang’s cross-claim. But it is also not true, as asserted by Chang, that there was no time limit for Chang to
 
 *1348
 
 bring his cross-claim; the cross-claim should have been included in Chang’s answer. The time limit for serving an answer is twenty days, unless that time is altered based on the filing of a motion. NRCP 12(a).
 

 We do not suggest that dismissal of Chang’s cross-claim was mandated because of a technical defect in pleading. “Nevada is a notice-pleading jurisdiction and
 
 pleadings
 
 should be liberally construed to allow issues that are fairly noticed to the adverse party.” Nevada State Bank v. Jamison Partnership, 106 Nev. 792, 801, 801 P.2d 1377, 1383 (1990) (emphasis added). There is, however, nothing technical about the defect in Chang’s cross-claim; the document simply is not a pleading, and does not itself put the matters asserted therein at issue.
 

 It appears from the documents before this court that the district court did not evaluate petitioners’ motion to dismiss under the proper standard of law, as set forth in this opinion. It further appears that the district court may have a duty to strike Chang’s improper cross-claim. If so, then under the circumstances of this case, an appeal following final judgment would be an inadequate remedy, because not only will petitioners have to defend Chang’s personal injury cross-claim, Chang’s claim will likely impact the resolution of Lee’s claim against petitioners. Therefore, mandamus is an appropriate remedy.
 
 See
 
 NRS 34.160 (mandamus will issue to compel act enjoined by law); NRS 34.170 (mandamus will issue if a petitioner has no other plain, speedy and adequate remedy in the ordinary course of law).
 

 Accordingly, we grant this petition. The clerk of this court shall issue a writ of mandamus compelling the district court to vacate its order denying petitioners’ motion to dismiss Chang’s cross-claim, and to reconsider that motion in light of the views expressed in this opinion.
 
 [4]
 

 [1]
 

 For example, this court may exercise its discretion to review decisions of law regarding the failure to serve process in accordance with NRCP 4(i), the mandatory dismissal rule of NRCP 41(e), and the failure to timely substitute a party following a suggestion of death pursuant to NRCP 25(a)(1).
 

 [2]
 

 Through Cardone, Chang also asserted a separate cross-claim against petitioners for contribution and indemnity, and petitioners asserted a cross-claim against Chang for contribution and indemnity. Pursuant to NRCP 7(a), these cross-claims were properly asserted within the answers and are not at issue in this proceeding.
 

 [3]
 

 The parties dispute the eifective date of service, but this issue is not germane to the petition before us.
 

 [4]
 

 In light of this opinion, we vacate in its entirety our order of February 5, 1996, granting a stay. We express no view, other than the views expressed in this opinion, with respect to the district court’s resolution of petitioners’ motion to dismiss. The district court’s options with respect to the cross-claim should be examined by the parties and presented to the district court in the first instance.