An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

THE HONORABLE STEVEN E. JONES,
Petitioner,
vs.
NEVADA COMMISSION ON JUDICIAL DISCIPLINE,
Respondent.

No. 63619

**FILED**

AUG 1 5 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER DENYING PETITION FOR WRIT OF PROHBITION OR WRIT OF MANDAMAUS

This is an original petition for a writ of prohibition, or in the alternative, mandamus seeking an order directing respondent, the Nevada Commission on Judicial Discipline (NCJD) to comply with relevant statutes and procedural rules. Respondent has filed an answer and petitioner has filed a reply.

This court may issue a writ of prohibition to arrest the proceedings of any tribunal exercising its judicial functions when such proceedings are in excess of the tribunal's jurisdiction. *See* NRS 34.320; *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station, or to control an arbitrary or capricious exercise of discretion. *See* NRS 34.160; *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). It is within this court's sole discretion to determine if a writ petition will be considered. *Smith*, 107 Nev. at 677, 818 P.2d at 851. Petitioner bears the burden of demonstrating that extraordinary relief is warranted, and an appeal is

typically an adequate legal remedy that precludes writ relief. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 224-28, 88 P.3d 840, 841-44 (2004).

Here, our review of the parties' arguments and the supporting documents demonstrates that petitioner has a speedy and adequate legal remedy available in that, if he is ultimately aggrieved by the final decision in the underlying judicial discipline proceedings, he may appeal that decision to this court. *See Pan*, 120 Nev. at 224, 88 P.3d at 841. While this determination, in and of itself, provides sufficient grounds for the denial of this petition, s*ee* NRS 34.170; NRS 34.330, we further note that none of the issues presented in this matter constitute questions of first impression and that petitioner has failed to articulate any public policy that would be served by this court's exercise of its original jurisdiction over this matter. *See Williams v. Eighth Judicial Dist. Court*, 127 Nev. ___, ___, 262 P.3d 360, 365 (2011) (providing that this court's consideration of a petition for extraordinary relief is warranted when important issues of law require clarification and public policy is served by the exercise of our original jurisdiction). In addition, the discovery issues raised by petitioner do not satisfy the requirements for this court's intervention, as petitioner has not demonstrated that the discovery disputes at issue here involve either a blanket discovery order without regard to relevance or the compelled disclosure of privileged information. *Valley Health Sys., LLC v. Eighth Judicial Dist. Court*, 127 Nev. ___, ___, 252 P.3d 676, 679 (2011).

Ultimately, our exercise of jurisdiction over this petition, which was filed on the eve of the scheduled NCJD hearing regarding the disciplinary complaint against petitioner, would serve only to prevent the NCJD from resolving the underlying disciplinary proceeding in a timely

manner. Moreover, the continued delay of those proceedings would undermine the public's confidence in the integrity of the judicial discipline process and work to prejudice both petitioner and the NCJD. Under these circumstances, the exercise of our original jurisdiction over this matter is not warranted, and we therefore

ORDER the petition DENIED.[1]

_____, J.
Hardesty

_____, J.
Parraguirre


CHERRY, J., dissenting:

I respectfully disagree with my colleagues' decision to deny this original writ petition and force the parties to wait until after the conclusion of the underlying judicial discipline proceedings to have this court weigh in on the important issues presented here. In reaching this determination, the majority concludes that the availability of an appeal following the entry of a final decision by the Nevada Commission on Judicial Discipline (NCJD) provides petitioner, the Honorable Steven E.

_____

[1]Having considered the request for sanctions and costs included in respondent's answer to the petition, we conclude that the request should be denied.

In light of this order, we vacate the temporary stay of the NCJD hearing imposed by this court's July 26, 2013, order, and as such, deny the July 22, 2013, motion for stay as moot.

Jones, with a speedy and adequate legal remedy to address the alleged improprieties and procedural irregularities that he contends have occurred over the course of the proceedings before the NCJD. But I am convinced that intervention by this court to address the issues raised by Judge Jones in this petition is more than appropriate at this stage of the proceedings. As a result, I must dissent from the majority's decision.

It is well established that this court will consider petitions for extraordinary relief when important issues of law require clarification and public policy is served by the exercise of this court's original jurisdiction. *See Williams v. Eighth Judicial Dist. Court*, 127 Nev. ___, ___, 262 P.3d 360, 365 (2011). And in other contexts, this court has frequently found occasion to weigh in, through the consideration of interlocutory writ petitions, on issues arising from cases that remained pending in the underlying tribunals. *See, e.g., Williams*, 127. Nev. at ___, 262 P.3d at 369 (granting, in part, an interlocutory petition for extraordinary relief to address issues pertaining to the admissibility of expert testimony); *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 198, 179 P.3d 556, 559 (2008) (addressing the merits of the district court's refusal to dismiss an action seeking False Claims Act whistleblower protections, despite denying the interlocutory petition for extraordinary relief, because an appeal at the conclusion of the action did not provide an adequate and speedy legal remedy, the petition raised important public policy issues in need of clarification, and the court's consideration of the petition at that time promoted principles of judicial economy); *D.R. Horton, Inc. v. Eighth Judicial Dist. Court*, 123 Nev. 468, 168 P.3d 731 (2007) (granting, in part, a petition for extraordinary writ relief challenging an interlocutory order denying declaratory relief to address the appropriate method for

determining the sufficiency of pre-litigation notices of constructional defects).

Given the scarcity of precedent from this court in the area of judicial discipline proceedings and the important issues presented by this petition, I see no reason that Judge Jones' petition should not receive similar consideration. This court has an obligation to ensure that parties are not subject to injustice in the course of any proceeding, much less matters involving judicial discipline, and it cannot be denied that Judge Jones has presented substantial issues warranting this court's full consideration.

Moreover, this court has frequently stated that the promotion of judicial economy remains the primary standard for determining when this court will exercise its discretion to consider a petition for extraordinary writ relief. *See Williams*, 127 Nev. at ___, 262 P.3d at 365 (citing *Smith v. Eighth Judicial Dist. Court*, 113 Nev. 1343, 1345, 950 P.2d 280, 281 (1997)). Based on the significance of the issues presented here, it is clear that judicial economy would be best served by reaching the merits of this petition, rather than delaying our review of these issues until after the NCJD has issued its final decision. I would therefore transfer this matter to the en banc court, extend the stay of the underlying judicial discipline hearing, and order that this matter be set for oral argument in September.

_____ *Cherry* , J.
Cherry


cc:    Nevada Commission on Judicial Discipline
       Jimmerson Hansen