An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

PN II, INC., A NEVADA CORPORATION,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA, IN
AND FOR THE COUNTY OF CLARK;
AND THE HONORABLE SUSAN
JOHNSON, DISTRICT JUDGE,
Respondents,
and
MARTIN WOODS; REBECCA DEHNER;
RALPH AND TRACY WILLIAMS; STEVE
AND LUISA RASMUSSEN, HUSBAND
AND WIFE; CHRISTINE TARALLO;
DANIEL AND LYNNAE SOWERS,
HUSBAND AND WIFE; SAMANTHA
WATERS; JUAN GONZALES;
CHRISTINE BOHM; CARLOS MIGUEL;
PETER AND SHARON BROOKS,
HUSBAND AND WIFE; RICHARD
LINDSEY; ROY AND MARY NEILL,
HUSBAND AND WIFE; ERIC AND
STACY RICCARDI, HUSBAND AND
WIFE; NICOLAS KOVALEVSKY; SUSAN
MORRIS; ANTOINETTE SCOTA;
ROBERT AND ERNESTINE SHUMAKER,
HUSBAND AND WIFE; JOHN MCAULEY;
CHARLES AND DAWN KROEGEL,
HUSBAND AND WIFE; CHARLES AND
ANNE COOK, HUSBAND AND WIFE;
AND M&R SPECIALIST SVC, LLC,
Real Parties in Interest.

No. 63474

FILED

APR 2 3 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER DENYING PETITION FOR WRIT OF MANDAMUS OR PROHIBITION

This original petition for a writ of mandamus or prohibition challenges district court orders denying a motion for summary judgment and a motion for reconsideration in a construction defect matter.

A writ of mandamus is available to compel the performance of an act that the law requires or to control an arbitrary or capricious exercise of discretion. NRS 34.160; *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). A writ of prohibition may be warranted when the district court exceeds its jurisdiction. NRS 34.320. Whether a petition for mandamus or prohibition relief will be considered is purely discretionary with this court. *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). This court typically declines to exercise its discretion to consider writ petitions challenging district court orders denying summary judgment motions, unless "no disputed factual issues exist and, pursuant to clear authority under a statute or rule, the district court is obligated to dismiss an action." *Smith v. Eighth Judicial Dist. Court*, 113 Nev. 1343, 1345, 950 P.2d 280, 281 (1997). Moreover, it is petitioner's burden to demonstrate that our extraordinary intervention is warranted. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004).

Having considered the parties' arguments, we conclude that petitioner has not shown that our intervention is warranted. *Id.* In particular, although petitioner asks this court to order the district court to enter summary judgment in petitioner's favor as to the claims of all 22 real parties in interest, certain statutes within NRS Chapter 40's construction defect scheme may render at least some of these claims timely. Thus, the district court was not clearly required to grant the relief that petitioner is now seeking. *Smith*, 113 Nev. at 1345, 950 P.2d at 281. Moreover, the applicability of these statutes to real parties in interest's claims requires factual determinations that are unique as to each real party in interest. Because the district court did not make any of these factual determinations in denying summary judgment, the record before

SUPREME COURT
OF
NEVADA

(O) 1947A

this court is inadequate to meaningfully consider the overarching issues presented by this writ petition. *See id.* Accordingly, we decline to intervene in the district court action at this time, *Smith*, 107 Nev. at 677, 818 P.2d at 851, and we

ORDER the petition DENIED.

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

cc:   Hon. Susan Johnson, District Judge
      Koeller Nebeker Carlson & Haluck, LLP/Las Vegas
      Pursiano Barry Lavelle Bruce Hassin, LLP
      Lattie Malanga Libertino, LLP
      Eighth District Court Clerk

HARDESTY, J., dissenting:

I respectfully dissent on the basis that this court's intervention is warranted to clarify an important and recurring issue of law. *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197-98, 179 P.3d 556, 559 (2008). Specifically, this writ petition presents the question of whether the class-action tolling doctrine, which this court has applied to toll a statute of limitations, *see Jane Roe Dancer I-VII v. Golden Coin, Ltd.*, 124 Nev. 28, 31 n.2, 34, 176 P.3d 271, 273 n.2, 275 (2008), can likewise apply to toll a statute of repose. *Compare Albano v. Shea Homes Ltd. P'ship*, 254 P.3d 360, 366 (Ariz. 2011) (concluding that class-action tolling cannot apply to toll a statute of repose), *and Police & Fire Ret. Sys. of City of Detroit v. IndyMac MBS, Inc.*, 721 F.3d 95, 108-09 (2d Cir. 2013) (same), *cert. granted*, 82 U.S.L.W. 3525 (U.S. Mar. 10, 2014) (No. 13-640), *with Joseph v. Wiles*, 223 F.3d 1155, 1168 (10th Cir. 2000) (concluding that class-action tolling can apply to toll a statute of repose).

As the parties have indicated, this class-action tolling issue is not simply one that is isolated to the underlying litigation, but is a recurring issue arising in many construction defect cases in this state's court system. This is precisely the reason that the district court invited the parties to seek our interlocutory consideration of the issue. Moreover, and contrary to my colleagues' perceived concerns, consideration of this discrete legal issue would not require resolution of any underlying factual questions. In fact, resolution of this threshold issue would assist the district court and the parties in addressing any underlying factual questions, as it would provide them with a guidepost for applying NRS Chapter 40's construction defect statutes to the facts of this case. Thus, I disagree with my colleagues' decision to deny interlocutory writ relief and

require the parties to wait to have this court address the important and recurring issue presented here. This delay increases the cost of this litigation to the parties and fails to promote judicial economy. For these reasons, I dissent.

/s/ Hardesty , J.
Hardesty