## IN THE SUPREME COURT OF THE STATE OF NEVADA

UPONOR CORPORATION,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
SUSAN JOHNSON, DISTRICT JUDGE,
Respondents,
and
CORONADO HOMEOWNERS
ASSOCIATION, INC., A NEVADA NON-
PROFIT CORPORATION,
Real Party in Interest.

No. 64121

**FILED**

NOV 1 4 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

### *ORDER GRANTING PETITION FOR WRIT OF PROHIBITION*

This is an original petition for a writ of prohibition challenging a district court order denying a motion to dismiss for lack of personal jurisdiction.

A writ of prohibition is available to arrest or remedy district court actions taken without or in excess of jurisdiction. NRS 34.320; *State, Office of the Attorney Gen. v. Eighth Judicial Dist. Court (Anzalone)*, 118 Nev. 140, 146-47, 42 P.3d 233, 237 (2002). Whether to consider a petition for extraordinary relief is solely within this court's discretion. *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). This court has held that it may exercise its discretion to consider a petition challenging the denial of a motion to dismiss "where no disputed factual issues exist and, pursuant to clear authority under a statute or rule, the district court is obligated to dismiss an action." *Smith v. Eighth Judicial Dist. Court*, 113 Nev. 1343, 1345, 950 P.2d 280, 281 (1997).

14-37629

In *Viega GmbH v. Eighth Judicial District Court*, 130 Nev. ___, 328 P.3d 1152 (2014), this court considered the circumstances in which a Nevada district court can impute an American subsidiary corporation's Nevada contacts to a foreign parent corporation for purposes of exercising personal jurisdiction over the foreign parent corporation. We concluded that, in order to assert jurisdiction over the foreign parent corporation, a plaintiff must do more than show "the amount of control typical in a parent-subsidiary relationship." *Id.* at ___, 328 P.3d at 1160. Rather, the plaintiff must show that "the parent has moved beyond the establishment of general policy and direction for the subsidiary and in effect taken over performance of the subsidiary's day-to-day operations in carrying out that policy." *Id.* at ___, 328 P.3d at 1159 (internal quotation omitted).

After our opinion in *Viega* was issued, the parties to this writ petition filed supplemental briefs. Real party in interest's brief does not argue that the facts of this case are distinguishable from those in *Viega*, and no such distinguishing characteristics are readily apparent from the record. Accordingly, in light of *Viega*, we conclude that the district court lacks personal jurisdiction over petitioner and that the district court is obligated to grant petitioner's motion to dismiss.[1] *Anzalone*, 118 Nev. at

---

[1]Real party in interest contends that, in light of *Viega*, it should be permitted to conduct additional discovery. We disagree. *See Viega*, 130 Nev. at ___, 328 P.3d at 1161 (concluding that additional discovery would be futile when the plaintiff had thus far "shown no more than a typical parent-subsidiary relationship"). Additionally, we have considered real party in interest's argument regarding issue preclusion and conclude that this argument does not warrant a different disposition of this writ petition. First, to the extent that real party in interest alluded to issue preclusion in its answer to petitioner's writ petition, those allusions were

*continued on next page...*

SUPREME COURT
OF
NEVADA

(O) 1947A

146-47, 42 P.3d at 237; *Smith v. Eighth Judicial Dist. Court*, 113 Nev. 1343, 1345, 950 P.2d 280, 281 (1997). We therefore

ORDER the petition GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF PROHIBITION precluding the district court from allowing the case to proceed against petitioner and instructing the district court to vacate its order denying petitioner's motion to dismiss and enter an order granting petitioner's motion to dismiss.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

---

*...continued*

not presented in the form of a cogent argument. *Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (explaining that this court need not consider claims that are not cogently argued or supported by relevant authority). Second, real party in interest has not demonstrated that the elements for issue preclusion are met. *Cf. Five Star Capital Corp. v. Ruby*, 124 Nev. 1048, 1055, 194 P.3d 709, 713 (2008) (recognizing that for issue preclusion to apply, "the initial ruling must have been on the merits *and have become final*" (emphasis added)).

cc: Hon. Susan Johnson, District Judge
Grotefeld, Hoffman, Schleiter, Gordon & Ochoa
Bremer Whyte Brown & O'Meara, LLP
Kemp, Jones & Coulthard, LLP
Carraway & Associates
Maddox, Segerblom & Canepa, LLP
Canepa Riedy Abele & Castello
Lynch, Hopper & Salzano, LLP
Maddox, Isaacson & Cisneros, LLP
Eighth District Court Clerk