## IN THE SUPREME COURT OF THE STATE OF NEVADA

MDC RESTAURANTS, LLC, A NEVADA LIMITED LIABILITY COMPANY; LAGUNA RESTAURANTS, LLC, A NEVADA LIMITED LIABILITY COMPANY; AND INKA, LLC, A NEVADA LIMITED LIABILITY COMPANY,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE TIMOTHY C. WILLIAMS, DISTRICT JUDGE,
Respondents,
and
PAULETTE DIAZ, AN INDIVIDUAL; LAWANDA GAIL WILBANKS, AN INDIVIDUAL; SHANNON OLSZYNSKI, AN INDIVIDUAL; AND CHARITY FITZLAFF, AN INDIVIDUAL, ON BEHALF OF THEMSELVES AND ALL SIMILARLY-SITUATED INDIVIDUALS,
Real Parties in Interest.

No. 67631



FILED

NOV 2 2 2016

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER DENYING PETITION

This petition for a writ of mandamus or prohibition challenges a district court order denying a motion for judgment on the pleadings with respect to the real parties' claims under the Minimum Wage Amendment (MWA) to the Nevada Constitution that were filed more than two years after the cause of action accrued. Generally, this court will not consider a writ petition that challenges a district court order denying a motion for judgment on the pleadings. *See Smith v. Eighth Judicial Dist. Court*, 113 Nev. 1343, 1344, 950 P.2d 280, 281 (1997) (addressing petitions

challenging orders denying motions to dismiss or motions for summary judgment). The important legal question that petitioners contend supports an exception to this general rule was recently decided by this court in *Perry v. Terrible Herbst, Inc.*, 132 Nev., Adv. Op. 75, ___ P.3d ___ (2016). We held in *Perry* that the two-year statute of limitations set forth in NRS 608.260 applies to claims brought under the MWA. The district court did not have the benefit of that decision when it resolved petitioners' motion and determined that the catch-all limitation period in NRS 11.220 applied. Because mandamus generally does not lie unless the district court has disregarded "a clear, present legal duty to act" or manifestly abused or arbitrarily and capriciously exercised its discretion, *Round Hill Gen. Imp. Dist. v. Newman*, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981), and the district court should be given an opportunity to reconsider and, if appropriate, revise its decision in light of *Perry*, we deny the petition without prejudice.[1]

It is so ORDERED.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Pickering

---

[1]We note that prohibition is not appropriate as petitioners have not demonstrated that the district court acted without or in excess of its jurisdiction. NRS 34.320.

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. Timothy C. Williams, District Judge
Morris Polich & Purdy, LLP/Las Vegas
Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP/Las Vegas
Eighth District Court Clerk