# IN THE SUPREME COURT OF THE STATE OF NEVADA

GGP, INC., F/K/A GENERAL GROWTH
PROPERTIES, INC., A DELAWARE
CORPORATION; FASHION SHOW
MALL, LLC, A DELAWARE LIMITED
LIABILITY COMPANY; AND GRAND
CANAL SHOPS II, LLC, A DELAWARE
LIMITED LIABILITY COMPANY,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
MARK R. DENTON, DISTRICT JUDGE,
Respondents,
    and
ZI BEAUTY, INC., A NEVADA
CORPORATION,
Real Party in Interest.

No. 76100

FILED

MAR 22 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
    DEPUTY CLERK

## *ORDER DENYING PETITION*

This is an original petition for a writ of mandamus challenging the district court's denial of a motion to strike a jury demand in a contract action. The contracts in dispute are three lease agreements between petitioners General Growth Properties, Inc., Fashion Show Mall, LLC, and Grand Canal Shoppes II, LLC (collectively GGP), and real party in interest Zi Beauty, Inc. Each lease agreement contained a provision whereby each party waived its right to trial by jury in any action, proceeding, or counterclaim brought by either party against the other.

19-12941

In 2016, Zi Beauty filed a complaint against GGP based on the leases and included a demand for a jury trial. It amended its complaint twice, each time renewing its demand for a jury trial. The district court then scheduled the matter for a jury trial, but issued two continuances, both by stipulation of the parties. GGP did not object to a jury trial until February 2018, when it filed a motion to strike the jury demand based on the jury trial waiver provisions contained in the leases. The district court denied GGP's motion, finding the waiver provisions unenforceable, and the instant writ petition followed.

"A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station, NRS 34.160, or to control a manifest abuse or arbitrary or capricious exercise of discretion." *State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. 927, 931, 267 P.3d 777, 779 (2011). It is within our sole discretion to entertain a writ petition. *Id.* "A writ of mandamus is not a substitute for an appeal." *Archon Corp. v. Eighth Judicial Dist. Court*, 133 Nev., Adv. Op. 101, 407 P.3d 702, 706 (2017). "Nor should the interlocutory petition for mandamus be a routine litigation practice; mandamus is an extraordinary remedy, reserved for extraordinary causes." *Id.*

GGP has not demonstrated the "clear" error of law, *see Smith v. Eighth Judicial Dist. Court,* 113 Nev. 1343, 1344-45, 950 P.2d 280, 281 (1997), or "arbitrary or capricious" abuse of discretion, *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 122 Nev. 132, 142, 127 P.3d 1088, 1096 (2006), traditionally required for mandamus. Nor does this case qualify for advisory mandamus, *see Archon*, 407 P.3d at 706; the legal question presented—enforceability of contractual jury-trial waivers—was resolved in

*Lowe Enters. Residential Partners, L.P. v. Eighth Judicial Dist. Court*, 118 Nev. 92, 100, 40 P.3d 405, 410 (2002). For these reasons, we conclude that our intervention is not warranted and we

ORDER the petition DENIED.

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver

cc:   Hon. Mark R. Denton, District Judge
Smith & Shapiro, PLLC
Hejmanowski & McCrea LLC
Eighth District Court Clerk