# IN THE SUPREME COURT OF THE STATE OF NEVADA

PETER GARDNER AND CHRISTIAN GARDNER, ON BEHALF OF MINOR CHILD, LELAND GARDNER,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE JERRY A. WIESE, DISTRICT JUDGE,
Respondents,
  and
BLISS SEQUOIA INSURANCE & RISK ADVISORS, INC.; AND HUGGINS INSURANCE SERVICES, INC.,
Real Parties in Interest.

No. 81600

FILED

MAY 17 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER DENYING PETITION*

This is an original petition for a writ of mandamus challenging a district court order denying a motion to dismiss amended counterclaims. Eighth Judicial District Court, Clark County; Jerry A. Wiese, Judge.

Real parties in interest Bliss Sequoia and Huggins Insurance (collectively, the brokers) helped a waterpark procure liability insurance with total policy limits of $5 million dollars. After the 2015 renewal of this policy, petitioners Peter and Christian Gardner's son visited the waterpark, nearly drowned, and sustained severe injuries. The Gardners filed suit against the waterpark, alleging that the waterpark did not adequately comply with lifeguard staffing safety regulations. The Gardners and the waterpark ultimately settled for a stipulated judgment of around $49 million dollars.

21-14083

While this first-party litigation proceeded, the waterpark filed a third-party complaint against the brokers for professional negligence in not recommending sufficient insurance limits. The waterpark later assigned this professional negligence claim to the Gardners, as a part of the settlement, to be set off against the first-party litigation judgment. After this assignment, the Gardners filed an amended third-party complaint asserting this assigned claim against the brokers. In response, the brokers counterclaimed, alleging, in part, that the waterpark misrepresented its compliance with safety laws and regulations, including lifeguard staffing, during the waterpark's insurance renewal. The Gardners unsuccessfully moved to dismiss these counterclaims, taking particular issue with the brokers amending their counterclaim to allege reliance on this representation at the renewal of the policy. The Gardners now petition this court for a writ of mandamus to direct the district court to grant their motion to dismiss, alleging that the law required it to dismiss the entirety of brokers' amended misrepresentation-based counterclaims.

Mandamus is a purely discretionary, and extraordinary, remedy. *State, Dep't of Transp. v. Thompson*, 99 Nev. 358, 360, 662 P.2d 1338, 1339 (1983). This court will grant a petition for mandamus only where "it is clearly the [legal] duty of [the district court] judge to do the act sought to be coerced," Thomas Carl Spelling, *A Treatise on Injunctions and Other Extraordinary Remedies* 1230 (2d ed. 1901), *cited with approval in Walker v. Second Judicial Dist. Court*, 136 Nev., Adv. Op. 80, 476 P.3d 1194, 1196 (2020), and no adequate legal remedy at law exists, *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 224, 88 P.3d 840, 841 (2004). Judicial economy is the lodestar. *Smith v. Eighth Judicial Dist. Court*, 113 Nev.

1343, 1345, 950 P.2d 280, 281 (1997). This petition does not meet these demanding criteria.

First, the district court did not have a legal duty to dismiss the entirety of the counterclaims: At least a portion of the counterclaims, premised upon the brokers' reliance on the waterpark's alleged safety-compliance misrepresentation at the renewal of the policy, survives a motion to dismiss. The Gardners, though, assert the brokers did not properly plead a false representation because "[t]he district court was not required to accept as true" allegations from the operative counterclaim to the extent they differ from the prior draft of the same counterclaim. But Nevada law required the district court to do so. *See Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 228, 181 P.3d 670, 672 (2008) (requiring district courts to presume that the allegations in the complaint are true and draw all inferences in favor of the nonmoving party). Though these differences may reveal *factual* issues related to reliance, these differences do not require dismissal at this stage under *Buzz Stew*. The Gardners' other dismissal arguments may ultimately have merit, but the counterclaims were sufficiently pleaded at least in part, and thus, further proceedings must continue. And in any event, the Gardners' assigned claim of professional negligence against the brokers remains and will continue before the district court. As such, little judicial economy will be gained by considering the writ at this point in the proceeding.

Finally, the Gardners have adequate remedies at law. The Gardners can renew their arguments in a motion for summary judgment and on any appeal—adequate remedies in the ordinary course of law. *See Rawson v. Ninth Judicial Dist. Court*, 133 Nev. 309, 316, 396 P.3d 842, 847 (2017). Indeed, noting the preliminary nature of its ruling, the district court

seemed poised to revisit some of the arguments asserted in the petition as the proceedings progress. At this early stage, it is appropriate to leave further legal and factual development to "the judicial body best poised to do so and [thereby not] unnecessarily limit[ ] the record[ ] for this court's [eventual] appellate review." *Walker*, 476 P.3d at 1199.

Accordingly, we

ORDER the petition DENIED.



_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

cc: Hon. Jerry A. Wiese, District Judge
   Campbell & Williams
   Hutchison & Steffen, LLC/Las Vegas
   Eighth District Court Clerk