IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| UNITED HEALTHCARE INSURANCE COMPANY; UNITED HEALTH CARE SERVICES, INC.; UMR, INC.; OXFORD HEALTH PLANS, INC.; SIERRA HEALTH AND LIFE INSURANCE COMPANY, INC.; SIERRA HEALTH-CARE OPTIONS, INC.; HEALTH PLAN OF NEVADA, INC.; AND UNITEDHEALTH GROUP, INC., Petitioners, vs. THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE NANCY L. ALLF, DISTRICT JUDGE, Respondents, and FREMONT EMERGENCY SERVICES (MANDAVIA), LTD.; TEAM PHYSICIANS OF NEVADA-MANDAVIA, P.C.; AND CRUM STEFANKO AND JONES, LTD., Real Parties in Interest. | No. 81680 **FILED** JUL 0 1 2021 ELIZABETH A. BROWN CLERK OF SUPREME COURT BY _S. Young_ DEPUTY CLERK |

*ORDER DENYING PETITION*

This is an original petition for a writ of mandamus challenging a district court order denying a motion to dismiss.

The real parties in interest, Fremont Emergency Services (Mandavia), Ltd., Team Physicians of Nevada-Mandavia, P.C., and Crum Stefanko and Jones, Ltd. (collectively, the providers), performed emergency

SUPREME COURT
OF
NEVADA

(O) 1947A

21-18915

medical services for health plan members of United Healthcare Insurance Company, United Health Care Services, Inc., UMR, Inc., Oxford Health Plans, Inc., Sierra Health and Life Insurance Company, Inc., Sierra Health-Care Options, Inc., Health Plan of Nevada, Inc., and UnitedHealth Group, Inc. (collectively, United), as required by federal law, without an express provider agreement. The providers assert that they submitted the claims to United, United accepted the claims for payment, but then United underpaid for their services.

The providers filed suit, pleading the existence of an implied-in-fact contract and unjust enrichment, among other theories. United then removed the case to federal court, on the basis that the Employee Retirement Income Security Act of 1974 ("ERISA") "completely preempted" the claims pursuant to 29 U.S.C. § 1132. The United States District Court disagreed, remanding the case to state court. United next moved to dismiss the complaint, renewing its complete preemption argument, and arguing that conflict preemption pursuant to 29 U.S.C. § 1144(a) (codifying § 514 of ERISA), required dismissal because the providers' claims "related to" an employee benefit plan. United also argued that the providers failed to state a claim pursuant to NRCP 12(b)(5). The district court denied the motion, and then this petition, seeking a writ of mandamus directing the district court to grant the motion, followed.

Mandamus is a purely discretionary, and extraordinary, remedy. *State, Dep't of Transp. v. Thompson*, 99 Nev. 358, 360, 662 P.2d 1338, 1339 (1983). This court will grant a petition for mandamus only where "it is clearly the [legal] duty of [the district court] judge to do the act sought to be coerced," Thomas Carl Spelling, *A Treatise on Injunctions and*

*Other Extraordinary Remedies* 1230 (2d ed. 1901), *cited with approval in Walker v. Second Judicial Dist. Court*, 136 Nev., Adv. Op. 80, 476 P.3d 1194, 1196 (2020), and no adequate legal remedy at law exists, *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 224, 88 P.3d 840, 841 (2004). Judicial economy is the lodestar. *Smith v. Eighth Judicial Dist. Court*, 113 Nev. 1343, 1345, 950 P.2d 280, 281 (1997). This petition does not meet these demanding criteria.

First, neither theory of ERISA preemption established a legal duty to dismiss the complaint. To support its complete preemption argument, United relies on a federal district court case, *Emergency Grp. of Ariz. Pro. Corp. v. United Healthcare, Inc.*, 2020 WL 1451464 (D. Ariz. Mar. 25, 2020), *rev'd*, 2021 WL 816071 (9th Cir. Mar. 3, 2021) (unpublished), in which it *initially* prevailed under near-identical facts, before the Ninth Circuit reversed the district court's decision. Otherwise, the providers have alleged their own implied-in-fact contract with United establishing a *rate* of payment, separate from any assignments from health plan members or *right* to benefits from United—pleading a relationship and claim not directly "relating to" ERISA, such that conflict preemption does not apply in this case. *Mem'l Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236, 245-249 (5th Cir. 1990) (holding that ERISA preempts state law claims if (1) the claims address areas of exclusive federal concern; and (2) the claims directly affect the relationship among the traditional ERISA entities); *see Rutledge v. Pharm. Care Mgmt. Ass'n*, 141 S. Ct. 474, 480, (2020) ("ERISA does not pre-empt state *rate regulations* that merely increase costs or alter incentives for ERISA plans . . . ." (emphasis added)).

Second, United has not established that the law clearly obligated the district court to dismiss the entirety of the providers' complaint for failure to state a claim pursuant to NRCP 12(b)(5). The district court was required to accept the providers' allegations as true and draw all inferences in favor of the providers. *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 227-28, 181 P.3d 670, 672 (2008). The providers alleged an implied-in-fact contract to provide emergency medical services to United's plan members in exchange for payment at a usual and customary rate, and that United breached this contract by not doing so. As the theory suggests, these determinations are factually intensive and ill-suited for a motion to dismiss or writ proceeding. *Certified Fire Prot. Inc. v. Precision Constr.*, 128 Nev. 371, 379, 283 P.3d 250, 256 (2012) ("[T]he *fact-finder* must conclude that the parties intended to contract and promises were exchanged . . . ." (emphasis added)); *James Hardie Gypsum (Nev.) Inc. v. Inquipco*, 112 Nev. 1397, 1401, 929 P.2d 903, 906 (1996) *disapproved of on other grounds Sandy Valley Assocs. v. Sky Ranch Estates Owners Ass'n*, 117 Nev. 948, 35 P.3d 964 (2001) ("Intent to make an offer or an acceptance is a question of fact.").

Finally, though some of the providers' claims appear questionable, United can renew its arguments in a motion for summary judgment and on appeal after development of the factual record—adequate remedies in the ordinary course of law. *See Rawson v. Ninth Judicial Dist. Court*, 133 Nev. 309, 316, 396 P.3d 842, 847 (2017). Because the case must continue, at least partially, judicial economy is not well served by considering the writ. In other words, it is appropriate to leave further legal and factual development to "the judicial body best poised to do so and

[thereby not] unnecessarily limit[ ] the record[ ] for this court's [eventual] appellate review." *Walker*, 476 P.3d at 1199.

Therefore, we ORDER the petition DENIED.

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon


cc:    Hon. Nancy L. Allf, District Judge
Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
McDonald Carano LLP/Las Vegas
Eighth District Court Clerk