# IN THE SUPREME COURT OF THE STATE OF NEVADA

JILL GRAGSON, AS TRUSTEE OF THE GRAGSON FAMILY PROTECTION TRUST; NOAH GRAGSON AND ADDISON GRAGSON, AS BENEFICIARIES OF THE GRAGSON FAMILY PROTECTION TRUST; AND GRAGSON DATA SS, LLC,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE DAVID M. JONES, DISTRICT JUDGE,
Respondents,
and
CHRISTOPHER BENTLEY,
Real Party in Interest.

No. 83769



FILED

NOV 24 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER DENYING PETITION
## FOR WRIT OF PROHIBITION OR MANDAMUS

This emergency, original petition for a writ of prohibition or mandamus challenges an oral district court decision denying summary judgment regarding the alter ego claim asserted against petitioner Gragson Data SS, LLC, as well as the district court's jurisdiction to proceed with that claim in light of the LLC's sole member being a spendthrift trust.

SUPREME COURT
OF
NEVADA

(O) 1947A

21-33819

Having considered the petition and its supporting documentation,[1] we are not persuaded that our extraordinary and discretionary intervention is warranted at this time. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004) (observing that the party seeking writ relief bears the burden of showing such relief is warranted); *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 679, 818 P.2d 849, 851, 853 (1991) (recognizing that writ relief is an extraordinary remedy and that this court has sole discretion in determining whether to entertain a writ petition). Generally, we will not consider writ petitions challenging orders denying summary judgment, and we are not persuaded that any exception to the general rule applies here. *Smith v. Eighth Judicial Dist. Court*, 113 Nev. 1343, 1344-45, 950 P.2d 280, 281 (1997) (discussing writ petitions challenging denials of summary judgment). Further, trial is scheduled to commence next week, and petitioner Gragson Data SS, LLC, has an adequate and speedy legal remedy in the form of an appeal from any adverse final judgment, precluding writ relief. *See* NRS 34.170; NRS 34.330; *Pan*, 120 Nev. at 224, 88 P.3d at 841 ("[T]he right to appeal is generally an adequate legal remedy that precludes writ relief."). Should trust assets be impacted by any future court order, the remaining

---

[1]Petitioners' motion for leave to file volumes III and IV of the appendix under seal, because they were filed under seal based on a protective order in the district court, is granted. SRCR 3(4)(b). The clerk of this court shall file under seal volumes III and IV of the appendix, provisionally received in this court on November 15, 2021.

petitioners, who apparently have not moved to intervene below, can seek appropriate relief at that point. Accordingly, we

ORDER the petition DENIED.[2]

_____ , J.
Cadish

_____ , J.
Pickering

_____ , J.
Herndon

cc:  Hon. David M. Jones, District Judge
     Lewis Roca Rothgerber Christie LLP/Las Vegas
     Solomon Dwiggins & Freer, Ltd.
     Pisanelli Bice, PLLC
     Morris Sullivan Lemkul/Las Vegas
     Kemp Jones, LLP
     Eighth District Court Clerk

---

[2]In light of this order, real party in interest's motion to dismiss and petitioners' countermotion for a stay and to direct entry of written order are denied as moot.