IN THE SUPREME COURT OF THE STATE OF NEVADA

JOON YOUNG KIM, M.D., AN
INDIVIDUAL; FIELDEN, HANSON,
ISAACS, MIYADA, ROBISON, YEH,
LTD., A NEVADA PROFESSIONAL
CORPORATION, D/B/A USAP-
NEVADA; AND DIGNITY HEALTH,
D/B/A ST. ROSE DOMINICAN
HOSPITAL-SIENA CAMPUS,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
CARLI LYNN KIERNY, DISTRICT
JUDGE,
Respondents,
    and
LIVIU RADU CHISIU, AS SPECIAL
ADMINISTRATOR OF THE ESTATE
OF ALINA BADOI, DECEASED; AND
LIVIU RADU CHISIU, AS PARENT
AND NATURAL GUARDIAN OF
SOPHIA RELINA CHISIU, A MINOR,
AS HEIR OF THE ESTATE OF ALINA
BADOI, DECEASED,
Real Parties in Interest.

No. 85244

FILED

SEP 23 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
    DEPUTY CLERK

## ORDER DENYING PETITION

This is an original petition for a writ of mandamus seeking to compel the district court to grant a motion for summary judgment.

The decision to entertain a petition for extraordinary writ relief lies within the discretion of this court. *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 679, 818 P.2d 849, 851, 853 (1991) (recognizing that writ

relief is an extraordinary remedy and that this court has sole discretion in determining whether to entertain a writ petition). A writ of mandamus is available only to compel the performance of a legally required act or to cure an arbitrary and capricious exercise of discretion. *Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981). It is petitioner's burden to demonstrate that extraordinary relief is warranted. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004).

This court will generally not exercise its discretion to consider writ petitions that challenge district court orders denying summary judgment motions. *State ex rel. Dep't Transp. v. Thompson*, 99 Nev. 358, 662 P.2d 1338 (1983). However, the rule under *Thompson* is not absolute. *See Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 122 Nev. 132, 142-43, 127 P.3d 1088, 1096 (2006). This court may consider writ petitions challenging district court orders denying summary judgment motions "where no disputed factual issues exist and, pursuant to clear authority under a statute or rule, the district court is obligated to dismiss an action." *Smith v. Eighth Judicial Dist. Court*, 113 Nev. 1343, 1345, 950 P.2d 280, 281 (1997).

Having considered the petition and the accompanying documents, we are not satisfied that our intervention by way of extraordinary writ is warranted. Here, petitioners asserted that the district court was required, as a matter of law, to dismiss the underlying matter under NRS 41A.097(2) based on the filing of a complaint after the expiration of the applicable statute of limitations. However, the district court found that there was "genuine issues of material fact" as to whether real parties in interest had been placed on inquiry notice, and therefore disputed factual

Supreme Court
OF
Nevada

(O) 1947A

2

issues exist. Accordingly, this case does not fall under the limited exception to the general rule in *Smith*. Although the rule under *Thompson* is not absolute, petitioner has not established that an eventual appeal does not afford an adequate legal remedy. NRS 34.170. Interlocutory review by extraordinary writ is not warranted in this case. For these reasons, we

ORDER the petition DENIED.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Stiglich

cc:    Hon. Carli Lynn Kierny, District Judge
John H. Cotton & Associates, Ltd.
Hall Prangle & Schoonveld, LLC/Las Vegas
Christiansen Trial Lawyers
Eighth District Court Clerk