BING CONSTRUCTION COMPANY OF NEVADA, Appellant, v. NEVADA DEPARTMENT OF TAXATION, Respondent.

No. 21866

September 30, 1991                    817 P.2d 710

*Jerry Collier Lane,* Las Vegas, for Appellant.

*Frankie Sue Del Papa,* Attorney General and *Jeffrey R. Rodefer,* Deputy, Carson City, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from an order of the district court dismissing, on procedural grounds, appellant's petition for judicial review. On August 21, 1990, the Department of Taxation mailed to appellant a letter affirming the decision of its hearing officer. On August 23, 1990, appellant received that letter. On September 21, 1990, appellant sent from Las Vegas, by overnight Federal Express, his petition for Judicial Review to the court clerk for the First Judicial District in Carson City. On September 22, 1990, at 10:27 a.m., the district court clerk received the petition for judicial review. Because the petition was not accompanied by a civil cover sheet as required by NRS 3.275, the court clerk did

not file the petition. Instead, on September 24, 1990, the district court clerk returned, by regular mail, the petition for judicial review.

On September 27, 1990, appellant received the returned petition along with a letter from the district court clerk explaining that a civil cover sheet was required. Also on September 27, 1990, appellant remailed, by overnight Federal Express, his petition for judicial review to the district court clerk. On September 28, 1990, at 10:24 a.m., the district court clerk received and filed the remailed petition.

On December 4, 1990, the state filed a motion in the district court to dismiss the petition for judicial review on the ground that it was not timely filed. On December 21, 1990, the district court entered its order dismissing the petition for judicial review. This appeal followed.

Appellant contends that the district court erred in dismissing his petition. We agree. NRS 3.275(2) provides that "[n]o civil case may be filed in the district court unless the initial pleading is accompanied by the form [a civil cover sheet], signed by the initiating party or his representative."[1] NRS 233B.130(2)(c) provides that petitions for judicial review must "[b]e filed within 30 days after service of the final decision of the agency." Accordingly, if NRS 3.275 and 233B.130 are read together in a very literal sense, a petitioner who submits a petition for judicial review at the end of thirty days, but without a civil cover sheet, has not perfected his right to judicial review and may never be able to do so. We are not convinced that this is the intended result of these two statutes.

Such a literal and narrow reading of the statutes is a trap for the unwary. While NRS 233B.130 is jurisdictional in nature and is designed to place limits on the substantive rights of parties to seek review in a civil action commenced before an agency, NRS 3.275 is clearly designed to facilitate the gathering of data. There is no indication that NRS 3.275 was meant to be jurisdictional, or to control the substantive rights of parties. Further, there is no

---

[1]NRS 3.275 provides:

    1.   The clerk of each district court shall obtain and file information regarding the nature of each civil case filed with the district court.

    2.   The clerk shall provide a form approved by the court administrator for obtaining the information required by subsection 1. No civil case may be filed in the district court unless the initial pleading is accompanied by the form, signed by the initiating party or his representative.

    3.   The clerk shall maintain the information contained in the form in a separate system of filing to allow the retrieval of statistics relating to the number, nature and date of each civil action filed in the district courts.

indication in chapter 233B of the NRS, or in any court rule, that a civil cover sheet is required before an action challenging a determination entered pursuant to that chapter may be commenced in district court. To deprive a party of substantive rights based on such a technical dereliction would not advance the interest of justice, or serve the ends of the data gathering statute.

Accordingly, we hold that NRS 3.275 is not jurisdictional in nature. Thus, when a district court clerk receives the initial pleading in any civil action, and there is no cover sheet, the appropriate procedure is to stamp the pleading with the date on which it is received, retain the pleading, and inform the party submitting the pleading that it cannot be filed without a civil cover sheet. The date of receipt must be considered the date of filing for all purposes.

This definition of the term "filing" has, in essence, already been adopted by this court for notices of appeal, as well as petitions for post-conviction relief. *See* Huebner v. State, 107 Nev. 328, 810 P.2d 1209 (1991) (treating a notice of appeal as if it were filed on the date of submission); Glauner v. State, 107 Nev. 482, 813 P.2d 1001 (1991) (intimating that a petition for post-conviction relief should be treated as filed on the date of submission). We note that parties often have no control over the date a document is filed by the court clerk. The only thing parties can really control is the date the document is received. When a document is received in a timely manner, in substantially the correct form, the party should not be precluded from a right of review. Accordingly, we vacate the order of the district court dismissing appellant's petition for judicial review, and we remand this matter to the district court for further proceedings.