CIVIL SERVICE COMMISSION FOR THE CITY OF RENO, PETITIONER, v. THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF WASHOE, AND THE HONORABLE BRENT T. ADAMS, DISTRICT JUDGE, RESPONDENTS, AND DAVID CARTER, AND DONNA KRISTAPONIS, ASSISTANT CITY MANAGER FOR DEVELOPMENTAL SERVICES, REAL PARTIES IN INTEREST.

No. 38156

March 15, 2002                                    42 P.3d 268

*Patricia A. Lynch,* City Attorney, and *Tracy L. Chase,* Deputy City Attorney, Reno, for Petitioner.

*Kenneth J. McKenna,* Reno, for Real Party in Interest Carter.

## OPINION

*Per Curiam:*

This original petition for a writ of mandamus or prohibition challenges a district court order that denied petitioner's motion to dismiss the real party in interest's petition for judicial review. Real party in interest David Carter sought judicial review after the Civil Service Commission upheld the City of Reno's decision to terminate his employment. The Civil Service Commission now requests extraordinary writ relief to enjoin the district court from proceeding further in this case or, in the alternative, to compel the district court to dismiss Carter's petition for judicial review. For the reasons discussed below, we conclude that extraordinary relief is not warranted in this case.

### FACTS

Carter's employment as a combination inspector with the City of Reno was terminated in August 2000 on the basis that he violated various management policies and procedures, including failing to report damage to his assigned City vehicle and overcharging the City for fuel for the vehicle. Thereafter, Carter challenged his termination, and the Civil Service Commission upheld the City of Reno's decision to terminate Carter.

In November 2000, Carter filed a petition for judicial review of the Civil Service Commission's decision, naming as respondents the "Civil Service Commission for the City of Reno and Donna Kristaponis, Assistant City Manager for Developmental Services." Carter did not name his former employer, the City of Reno, as a respondent, and the parties dispute whether the Civil Service Commission was ever served with the petition for judicial review.

In February 2001, Kristaponis filed a motion to dismiss Carter's petition for judicial review, asserting that he failed to name an indispensable party, the City of Reno, and failed to timely serve the petition pursuant to NRS 233B.130. The Civil

Service Commission joined in the motion to dismiss, asserting that it was never served with the petition for judicial review. The district court ultimately granted the motion to dismiss as to Kristaponis but denied the motion as to the Civil Service Commission. The Civil Service Commission then filed this original writ petition.

## DISCUSSION

A writ of mandamus may issue to compel the performance of an act which the law requires as a duty resulting from an office, trust or station,[1] or to control an arbitrary or capricious exercise of discretion.[2] A writ of prohibition may issue to arrest the proceedings of a district court when such proceedings are in excess of the district court's jurisdiction.[3] However, a writ may issue only where there is no plain, speedy, and adequate remedy at law,[4] and original petitions for extraordinary relief are addressed to the sound discretion of this court.[5]

Here, the Civil Service Commission requests a writ compelling the district court to dismiss Carter's petition for judicial review. The Civil Service Commission contends that it has no plain, speedy, and adequate remedy at law and will be forced to defend a challenge to Carter's termination via judicial review in the absence of an indispensable party, the City of Reno, unless this court issues an extraordinary writ. The Civil Service Commission argues that the provisions of NRS 233B.130 are jurisdictional and that the district court is therefore exceeding its jurisdiction by entertaining Carter's petition for judicial review.

Although writ petitions arising out of denials of motions for summary judgment and motions to dismiss may be entertained, this court generally will not exercise its discretion to consider such petitions unless "considerations of sound judicial economy and administration militate[ ] in favor of granting [the] petitions."[6] This court has stated that it may exercise its discretion to review decisions of law regarding the failure to serve process in accor-

[1]NRS 34.160.

[2]*Round Hill Gen. Imp. Dist. v. Newman,* 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981).

[3]NRS 34.320; *see also State v. Dist. Ct.,* 116 Nev. 953, 957, 11 P.3d 1209, 1211 (2000).

[4]NRS 34.170; NRS 34.330.

[5]*State ex rel. Dep't Transp. v. Thompson,* 99 Nev. 358, 360, 662 P.2d 1338, 1339 (1983); NRAP 21; *see also* Nev. Const. art. 6, § 4.

[6]*Smith v. District Court,* 113 Nev. 1343, 1344, 950 P.2d 280, 281 (1997).

dance with a statute or rule where "no disputed factual issues exist and, pursuant to clear authority under a statute or rule, the district court is obligated to dismiss an action."[7] "Additionally, we may exercise our discretion where, as here, an important issue of law requires clarification."[8] We further conclude, however, that extraordinary relief is not warranted in this case.

NRS 233B.130, which provides for judicial review of administrative proceedings, states, in pertinent part:

> Petitions for judicial review must:
> (a) Name as respondents the agency and all parties of record to the administrative proceeding;
> . . . .
> (c) Be filed within 30 days after service of the final decision of the agency.
> Cross-petitions for judicial review must be filed within 10 days after service of a petition for judicial review.
> . . . .
> 5. The petition for judicial review and any cross-petitions for judicial review must be served upon the agency and every party within 45 days after the filing of the petition, unless, upon a showing of good cause, the court extends the time for such service.

The Civil Service Commission contends that Carter's petition for judicial review must be dismissed because it was not served within forty-five days from the date it was filed as required by NRS 233B.130(5) and because it failed to name as respondents "all parties of record to the administrative proceeding," *i.e.,* Carter's former employer, the City of Reno, as required by NRS 233B.130(2)(a). Citing *Bing Construction v. State, Department of Taxation,*[9] the Civil Service Commission argues that all of the provisions of NRS 233B.130 are jurisdictional in nature and that the district court was therefore required to dismiss Carter's petition for judicial review because he failed to comply with the statute. We disagree.

Filing requirements are mandatory and jurisdictional;[10] however, technical derelictions do not generally preclude a party's

---

[7]*Id.* at 1345, 950 P.2d at 281.

[8]*Id.*

[9]107 Nev. 630, 817 P.2d 710 (1991).

[10]*See Kame v. Employment Security Dep't,* 105 Nev. 22, 25, 769 P.2d 66, 68 (1989) (stating time period for filing a petition for judicial review is mandatory and jurisdictional).

right to review.[11] In *Bing Construction,* this court stated that "NRS 233B.130 is jurisdictional in nature and is designed to place limits on the substantive rights of parties to seek review in a civil action commenced before an agency."[12] However, *Bing Construction* involved dismissal of a petition for judicial review on grounds that it was not timely filed, and this court noted that "[w]hen a document is received in a timely manner, in substantially the correct form, the party should not be precluded from a right of review."[13] Thus, dismissal is not mandatory when a party substantially complies with the technical requirements of NRS 233B.130, save the jurisdictional filing requirement.

In this case, the record reveals that Carter failed to name the City of Reno as a respondent in his petition for judicial review or to timely serve it on the Civil Service Commission. However, it is undisputed that Carter timely filed the petition. Thus, the district court had the discretion to dismiss Carter's petition for failure to comply with the procedural requirements of NRS 233B.130, but because Carter timely filed the petition, the district court was not required to dismiss the petition for lack of subject matter jurisdiction.[14] Therefore, we conclude that the district court did not exceed its jurisdiction by declining to dismiss Carter's petition for judicial review. Accordingly, we deny the petition for a writ of mandamus or prohibition.

---

[11]*Bing Constr.,* 107 Nev. at 632, 817 P.2d at 711; *see also Scrimer v. Dist. Ct.,* 116 Nev. 507, 516-17, 998 P.2d 1190, 1196 (2000) (a balanced and multifaceted analysis is warranted in determining whether to dismiss complaint under NRCP 4(i) because good public policy dictates that cases be adjudicated on their merits).

[12]107 Nev. at 631, 817 P.2d at 711.

[13]*Id.* at 631-32, 817 P.2d at 711.

[14]From the record before us, it is unclear whether the district court intended to order Carter to amend the petition to join the City of Reno in lieu of dismissing the petition. We note that the City of Reno is an indispensable party and must be joined before the merits of the petition can be heard. *See* NRCP 19; *Crowley v. Duffrin,* 109 Nev. 597, 602-03, 855 P.2d 536, 540 (1993) (misjoinder or nonjoinder of parties does not justify the entry of summary judgment and remand for joinder of necessary parties serves the interest of judicial efficiency).