## 134 Nev., Advance Opinion 1

# IN THE SUPREME COURT OF THE STATE OF NEVADA

HEAT & FROST INSULATORS AND
ALLIED WORKERS LOCAL 16,
Appellant,
vs.
LABOR COMMISSIONER OF THE
STATE OF NEVADA; UNIVERSITY OF
NEVADA, RENO; AND CORE
CONSTRUCTION,
Respondents.

No. 71848

FILED

JAN 0 4 2018



ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

Appeal from a district court order dismissing a petition for judicial review of an administrative decision. Second Judicial District Court, Washoe County; Elliott A. Sattler, Judge.

*Reversed and remanded.*

McCracken, Stemerman & Holsberry and Eric B. Myers, Sarah O. Varela, and David L. Barber, Las Vegas,
for Appellant.

Adam Paul Laxalt, Attorney General, and Melissa L. Flatley, Deputy Attorney General, Carson City,
for Respondent Labor Commissioner of the State of Nevada.

Dickinson Wright PLLC and Eric D. Hone and Gabriel A. Blumberg, Las Vegas,
for Respondent CORE Construction.

Bryan L. Wright, Assistant General Counsel, University of Nevada, Reno, for Respondent University of Nevada, Reno.

BEFORE HARDESTY, PARRAGUIRRE and STIGLICH, JJ.

*OPINION*

By the Court, PARRAGUIRRE, J.:

NRS 233B.130(2)(c)(1) provides that a petition for judicial review of an administrative decision must be served upon the "Attorney General, or a person designated by the Attorney General, at the Office of the Attorney General in Carson City." NRS 233B.130(5) provides that a petition for judicial review must be served "within 45 days after the filing of the petition, unless, upon a showing of good cause, the district court extends the time for such service." In this appeal, we are asked to determine whether untimely service of a petition for judicial review on the Attorney General mandates dismissal of the petition. We conclude that while service of a petition for judicial review on the Attorney General under NRS 233B.130(2)(c)(1) is mandatory and jurisdictional, and must be effected within the statutorily prescribed 45-day period, that time period can be extended when good cause is shown under NRS 233B.130(5). We further conclude that NRS 233B.130(5) does not preclude a petitioner from moving for an extension of time after the 45-day period has passed. Thus, the district court may exercise its authority to extend the service period either before or after the 45-day period has run. The district court in this case did not determine whether good cause to extend the time to serve the Attorney General exists, and we therefore remand for that purpose.

*FACTS AND PROCEDURAL HISTORY*

Respondent the University of Nevada, Reno awarded a construction contract to respondent CORE Construction with respect to the University's West Stadium Utility Trench project (Project). CORE then

SUPREME COURT
OF
NEVADA

(O) 1947A

hired Reno-Tahoe Construction, Inc. (RTC) as a subcontractor for the Project.[1]

Appellant Heat & Frost Insulators and Allied Workers Local 16 filed a verified wage complaint with respondent Office of the Labor Commissioner for prevailing wage violations with respect to the Project, alleging that RTC had underpaid its employees. As requested by the Labor Commissioner, the University investigated the complaint and subsequently issued a determination concluding that RTC had not violated Nevada prevailing wage laws. Appellant timely objected, and the Labor Commissioner affirmed the University's determination.

Appellant filed a petition for judicial review challenging the Commissioner's ruling pursuant to NRS 233B.130(1).[2] The petition was timely filed, filed in the proper venue, and named all necessary parties. *See* NRS 233B.130(2)(a), (b) & (d). The petition was also timely served on the Labor Commissioner and all named parties. *See* NRS 233B.130(5). However, the petition was not initially served on the Attorney General. Consequently, the Labor Commissioner moved to dismiss appellant's petition on the ground that it did not comply with NRS 233B.130(2)(c)(1).[3] The Labor Commissioner argued that the statute, which requires a petition

---

[1]RTC was removed as a respondent to this appeal by this court's August 1, 2017, order.

[2]NRS 233B.130(1) provides, in part, that "[a]ny party who is . . . [a]ggrieved by a final decision in a contested case, is entitled to judicial review of the decision." NRS 233B.130(1)(b).

[3]NRS 233B.130(2)(c)(1) requires that a petition for judicial review "[b]e served upon . . . [t]he Attorney General, or a person designated by the Attorney General, at the Office of the Attorney General in Carson City."

 

for judicial review be served on the Attorney General, is jurisdictional and therefore the district court lacked jurisdiction over appellant's petition.

After receiving the Labor Commissioner's motion, appellant served the petition on the Attorney General and moved to extend the time for service pursuant to NRS 233B.130(5), which permits a district court to extend the time for service "upon a showing of good cause." The district court declined to consider appellant's motion to extend the time for service and concluded that failure to serve the petition upon the Attorney General within 45 days of filing the petition rendered the petition jurisdictionally defective, such that dismissal was mandatory. This appeal follows.

### DISCUSSION

The Labor Commissioner argues that NRS 233B.130(2)(c)(1) sets forth a mandatory jurisdictional requirement, and because service upon the Attorney General was effected outside of NRS 233B.130(5)'s 45-day period, the district court did not have jurisdiction to consider the petition. Whether NRS 233B.130(2)(c)(1) establishes a jurisdictional requirement is a matter of first impression.

"We review questions of law, such as statutory interpretation, de novo." *Liberty Mut. v. Thomasson*, 130 Nev. 27, 30, 317 P.3d 831, 833 (2014). Nevada's Administrative Procedure Act (APA), codified at NRS Chapter 233B, governs judicial review of administrative decisions. *Id.* at 30, 317 P.3d at 834. NRS 233B.130, which sets forth procedural requirements for petitioning for judicial review of a final administrative decision, was amended in 2015 to include the requirement that a petition for judicial review be served upon the Attorney General. 2015 Nev. Stat., ch. 160, § 9, at 709. NRS 233B.130(2) now provides, in pertinent part, as follows:

Petitions for judicial review must:

    (a) Name as respondents the agency and all parties of record to the administrative proceeding;

    (b) Be instituted by filing a petition in the district court in and for Carson City, in and for the county in which the aggrieved party resides or in and for the county where the agency proceeding occurred;

    *(c) Be served upon:*

    *(1) The Attorney General, or a person designated by the Attorney General, at the Office of the Attorney General in Carson City; and*

    *(2) The person serving in the office of administrative head of the named agency;* and

    (d) Be filed within 30 days after service of the final decision of the agency.

(Emphasis added.) A petitioner's obligation to name the agency (paragraph (a)), file the petition in the proper venue (paragraph (b)), and initiate the petition within 30 days of the administrative decision (paragraph (d)) have been deemed mandatory and jurisdictional.[4] *See Washoe Cty. v. Otto*, 128 Nev. 424, 282 P.3d 719 (2012) (construing paragraph (a)); *see also Thomasson*, 130 Nev. 27, 317 P.3d 831 (addressing paragraph (b)); *Civil Serv. Comm'n v. Second Judicial Dist. Court*, 118 Nev. 186, 42 P.3d 268 (2002) (construing paragraph (d)), *overruled on other grounds by Otto*, 128 Nev. at 433 n.9, 282 P.3d at 725 n.9. Whether service of a petition for judicial review on the Attorney General under paragraph (c) is mandatory and jurisdictional is an issue of first impression. Nonetheless, this court's precedent provides a straightforward answer to this question.

In *Otto*, this court held that NRS 233B.130(2)'s naming requirement is mandatory and jurisdictional. 128 Nev. at 432, 282 P.3d at

---

[4]This opinion uses the paragraph numbering of the current version of NRS 233B.130, as revised in 2015, in referencing the cases cited herein.

SUPREME COURT
OF
NEVADA

(O) 1947A




725. There, we stated that "[n]othing in the language of [NRS 233B.130(2)] suggests that its requirements are anything but mandatory and jurisdictional," explaining that "[t]he word 'must' generally imposes a mandatory requirement." *Id.* In *Thomasson*, we reiterated that because the word "must" qualifies NRS 233B.130(2)'s requirements, these requirements are mandatory and jurisdictional. 130 Nev. at 31, 317 P.3d at 834. In light of this precedent, we conclude that NRS 233B.130(2)(c)(1) is mandatory and jurisdictional. Thus, failure to strictly comply with NRS 233B.130(2)(c)(1) requires dismissal absent a demonstration of good cause. *See* NRS 233B.130(5) (providing that a petition for judicial review must be served within 45 days of filing the petition, but permitting the district court to extend the 45-day period "upon a showing of good cause").

In this case, appellant effected service upon the Attorney General outside of NRS 233B.130(5)'s 45-day period. Appellant also moved for an extension of time for service under NRS 233B.130(5), which permits an extension of time for service "upon a showing of good cause." However, the district court concluded it lacked jurisdiction to consider appellant's motion and declined to consider whether good cause existed. We conclude the district court had jurisdiction to consider appellant's motion and make a good cause determination. *See Scrimer v. Eighth Judicial Dist. Court*, 116 Nev. 507, 513, 998 P.2d 1190, 1193-94 (2000) (explaining that in the context of untimely NRCP 4 service, "[t]he determination of good cause is within the district court's discretion"); *Zugel v. Miller*, 99 Nev. 100, 101, 659 P.2d 296, 297 (1983) (stating, when addressing an untimely filing, that "[t]his court is not a fact-finding tribunal" and "that function is best performed by the district court").

Finally, we reject the Labor Commissioner's argument that appellant was required to move for an extension of time under NRS 233B.130(5) prior to the running of the 45-day period. NRS 233B.130(5) permits a district court to extend the time for service of a petition for judicial review "upon a showing of good cause." NRS 233B.130(5), by its own terms, does not place a limit on when that power may be exercised, i.e., either before or after the 45-day period has run and therefore does not bar extending the time for service if the request is made after the 45-day period has lapsed.

## CONCLUSION

We conclude that NRS 233B.130(2)(c)(1)'s service requirement is mandatory and jurisdictional. We further conclude that unless the district court extends the time for service as permitted by NRS 233B.130(5), service upon the Attorney General under NRS 233B.130(2)(c)(1) must occur within 45 days. Finally, we conclude that the district court may exercise its power to extend the time for service either before or after the 45-day service period has run. Thus, we reverse and remand this matter to the district court to consider whether good cause existed to extend the time for service upon the Attorney General as required by NRS 233B.130(2)(c)(1).

_____, J.
Parraguirre

We concur:

_____, J.
Hardesty

_____, J.
Stiglich

