**134 Nev., Advance Opinion 42**
IN THE SUPREME COURT OF THE STATE OF NEVADA

ROBAIRE PREVOST,
Appellant,
vs.
STATE OF NEVADA DEPARTMENT
OF ADMINISTRATION, APPEALS
OFFICER, AN AGENCY OF THE
STATE OF NEVADA; AND CCMSI,
Respondents.

No. 71472

**FILED**

MAY 31 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

Appeal from a district court order dismissing a petition for judicial review in a workers' compensation matter. Eighth Judicial District Court, Clark County; Kerry Louise Earley, Judge.

*Reversed and remanded.*

Kemp & Kemp and James P. Kemp, Las Vegas,
for Appellant.

Adam Paul Laxalt, Attorney General, Carson City,
for Respondent State of Nevada Department of Administration, Appeals Officer.

Lewis Brisbois Bisgaard & Smith, LLP, and Daniel L. Schwartz, Las Vegas,
for Respondent CCMSI.

BEFORE THE COURT EN BANC.

 

*OPINION*

By the Court, PARRAGUIRRE, J.:

This is an appeal from an order dismissing a petition for judicial review under NRS 233B.130(2). In particular, NRS 233B.130(2)(a) provides that a petition for judicial review must "[n]ame as respondents the agency and all parties of record to the administrative proceeding." In this appeal, we are asked to determine whether the failure to name a party of record in the caption of a petition for judicial review is jurisdictionally fatal under NRS 233B.130(2)(a) where the party is named in the body of the petition and is properly served with the petition. We conclude that NRS 233B.130(2)(a) does not require dismissal on these facts, and we therefore reverse and remand.

## *FACTUAL AND PROCEDURAL HISTORY*

Appellant Robaire Prevost, a former corrections officer employed by the State of Nevada, Department of Corrections (NDOC), filed a workers' compensation claim, alleging that various medical conditions were caused by the stress of his job. Respondent Cannon Cochran Management Services, Inc. (CCMSI), as NDOC's third-party administrator, denied Prevost's workers' compensation claim. Prevost administratively appealed CCMSI's denial, and an appeals officer ultimately issued a decision and order affirming CCMSI's denial.[1]

In January 2016, Prevost timely filed a petition for judicial review of the appeals officer's decision with the district court. The caption of the petition for judicial review listed NDOC and the Department of Administration as respondents, but did not individually identify CCMSI.

---

[1]The appeals officer's order and decision refers to NDOC and CCMSI as one party, the "Employer."

 

However, the appeals officer's order and decision, which identified CCMSI, was attached and incorporated into the body of the petition. Moreover, CCMSI and its counsel were served with the petition.

Nonetheless, in March 2016, CCMSI moved to dismiss the petition, alleging that the failure to name CCMSI in the caption rendered the petition jurisdictionally defective pursuant to NRS 233B.130(2)(a) and *Washoe County v. Otto*, 128 Nev. 424, 282 P.3d 719 (2012).[2] Prevost subsequently filed an opposition to CCMSI's motion to dismiss, as well as a motion to amend the caption of his petition for judicial review to add CCMSI. The district court summarily granted CCMSI's motion to dismiss, denied Prevost's motion to amend, and dismissed Prevost's petition for judicial review with prejudice. This appeal follows.

## *DISCUSSION*

On appeal, Prevost argues that the district court erred in dismissing his petition for judicial review on the basis that it failed to comply with NRS 233B.130(2)(a). We agree.

NRS 233B.130(2)(a) provides that "[p]etitions for judicial review must . . . [n]ame as respondents the agency and all parties of record to the administrative proceeding." In *Otto*, this court concluded that "pursuant to NRS 233B.130(2)(a), it is mandatory to name all parties of record *in a petition for judicial review* of an administrative decision, and a district court lacks jurisdiction to consider a petition that fails to comply

---

[2]CCMSI also argued in district court that Prevost failed to serve the petition on the Attorney General and the administrative head of the Department of Administration pursuant to NRS 233B.130(2)(c). *See Heat & Frost Insulators and Allied Workers Local 16 v. Labor Comm'r*, 134 Nev., Adv. Op. 1, 408 P.3d 156 (2018). We do not address this argument, as CCMSI and Prevost agree that the issue is not properly before this court.

 

with this requirement." 128 Nev. at 432-33, 282 P.3d at 725 (2012) (emphasis added). There, this court determined that petitioner Washoe County failed to comply with NRS 233B.130(2)(a) because Washoe County did not "name any [respondent] taxpayer individually *in the caption, in the body of the amended petition, or in an attachment." Id.* at 430, 282 P.3d at 724 (emphasis added). Thus, *Otto* implicitly recognizes that the failure to identify a party in the caption of a petition for judicial review is not, in and of itself, a fatal jurisdictional defect. *Id.*

Here, Prevost named CCMSI in the body of the petition through incorporation by reference of the administrative decision, which Prevost also attached as an exhibit to the petition. *See* NRCP 10(c) ("Statements in a pleading may be adopted by reference in a different part of the same pleading . . . . A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.").[3] We conclude that this is sufficient to satisfy NRS 233B.130(2)(a), which requires that "the agency and all parties of record to the administrative proceeding" be named as respondents, but does not explicitly require that the parties be named in the *caption* of the petition. *See* 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1321, at 388-89 (3d ed. 2004) ("[T]he caption is not determinative as to the identity of the parties to the action.").

---

[3]We reject CCMSI's contention that the Nevada Rules of Civil Procedure (NRCP) do not apply to judicial review proceedings under Nevada's Administrative Procedure Act (APA). Pursuant to NRCP 81(a), the provisions of the NRCP govern proceedings under the APA to the extent that they are not in conflict with the provisions of the APA. CCMSI fails to show that the APA contains a rule that conflicts with NRCP 10. Accordingly, we conclude NRCP 10 is applicable to petitions for judicial review under the APA.

## CONCLUSION

We conclude that the failure to name CCMSI in the caption of the petition for judicial review did not render the petition jurisdictionally defective where (1) the body of the petition named CCMSI through incorporation by reference of the attached administrative decision, NRCP 10(c); and (2) CCMSI and its attorney were timely served with the petition. Thus, we reverse the district court's order dismissing Prevost's petition for judicial review for lack of jurisdiction and remand for further proceedings consistent with this opinion.[4]

_____, J.
Parraguirre

We concur:

_____, C.J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering

---

[4]Prevost also argues that (1) this court should modify its holding in *Otto* to permit a petitioner to amend the caption of a petition for judicial review under NRCP 15, (2) the provisions of NRS 233B.130(2) are not jurisdictional in a workers' compensation matter, (3) naming only the State of Nevada Department of Corrections in the caption was sufficient under agency principles, and (4) equitable principles should permit amendment under the facts of this case. Given our disposition, we need not reach these issues.

STIGLICH, J., with whom HARDESTY, J., agrees, dissenting:

I disagree with the majority's conclusion that this case can be distinguished from *Washoe County v. Otto*, 128 Nev. 424, 282 P.3d 719 (2012). The majority quotes the unambiguous statement in *Otto* that "it is mandatory to name all parties of record in a petition for judicial review of an administrative decision, and a district court lacks jurisdiction to consider a petition that fails to comply with this requirement," 128 Nev. at 432-33, 282 P.3d at 725, but nonetheless reads that opinion to imply "that the failure to identify a party in the caption of a petition for judicial review is not, in and of itself, a fatal jurisdictional defect," Majority opinion *ante* at 4. The majority bolsters its conclusion by citing NRCP 10(c), but our prior interpretation of NRS 233B.130(2)(a) in *Otto* does not support simplifying statutory requirements for jurisdiction based upon a civil rule permitting the adoption of statements by reference.

Although I concur that a party may comply with NRS 233B.130(2)(a) by "nam[ing] as respondents the agency and all parties of record to the administrative proceeding" elsewhere than in the caption,[1] I disagree with the majority's conclusion that the statute is satisfied, sufficient to confer jurisdiction, when the relevant party is simply

---

[1]This is based on the same language from *Otto* quoted by the majority regarding Washoe County's failure to name the respondent "in the caption, in the body of the amended petition, or in an attachment." Majority opinion *ante* at 4 (quoting 128 Nev. at 430, 282 P.3d at 724).

*mentioned* somewhere in the petition or attached documents and is thereby "incorporat[ed] by reference." The mere fact that the relevant name appears in documents attached to the petition does not indicate that the named party is *named as a respondent*. *See* NRS 233B.130(2)(a). Here, CCMSI was not named in the caption, nor in the body of the petition, but the majority asserts that its status as respondent was "incorporated by reference" because Prevost referred to the administrative decision that mentioned CCMSI and attached it as an exhibit. Prevost's designation, or lack thereof, fell short of strict compliance with NRS 233B.130(2)(a), and the majority's approval thereof nullifies the import of the statute's jurisdictional requirement.

Because we required more of the petitioner in *Otto*, I respectfully dissent.

_____, J.
Stiglich


I concur:

_____, J.
Hardesty