137 Nev., Advance Opinion 34

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| MICHAEL WHITFIELD,<br>Appellant,<br>vs.<br>NEVADA STATE PERSONNEL<br>COMMISSION; STATE OF NEVADA<br>DEPARTMENT OF ADMINISTRATION;<br>LORNA WARD, APPEALS OFFICER;<br>AND THE STATE OF NEVADA<br>DEPARTMENT OF CORRECTIONS, AS<br>EMPLOYER,<br>Respondents. | No. 79718 |



FILED

JUL 29 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a district court order dismissing a petition for judicial review in an employment matter. Second Judicial District Court, Washoe County; Kathleen M. Drakulich, Judge.

*Affirmed.*

Snell & Wilmer LLP and Gil Kahn and Kelly H. Dove, Las Vegas, for Appellant.

Aaron D. Ford, Attorney General, and Kevin A. Pick, Senior Deputy Attorney General, Carson City, for Respondents.

BEFORE THE SUPREME COURT, EN BANC.

*OPINION*

By the Court, SILVER, J.:

NRS 233B.130(2)(a) requires petitions for judicial review to name "all parties of record to the administrative proceeding" as

respondents. In *Washoe County v. Otto*, we held that NRS 233B.130(2)(a)'s naming requirement is "mandatory and jurisdictional" and that strict compliance therewith is necessary. 128 Nev. 424, 432-33, 282 P.3d 719, 725 (2012). More recently, in *Prevost v. State, Department of Administration*, we concluded the petitioner's failure to name one party of record in the caption of a petition for judicial review was not jurisdictionally fatal under NRS 233B.130(2)(a) because the petitioner named the missing respondent in the body of the petition, attached the administrative decision naming the missing respondent in the petition, and served the missing respondent with the petition. 134 Nev. 326, 328, 418 P.3d 675, 676-77 (2018). As a result, *Prevost* forces the courts to deviate from NRS 233B.130(2)(a)'s plain language and determine whether the facts of each case are more like *Otto* or *Prevost*, a problem foreshadowed by *Prevost*'s dissent. Because courts should not be making this kind of determination where the statute plainly requires petitioners to name all parties as respondents, we overrule *Prevost*. And because appellant Michael Whitfield failed to strictly comply with NRS 233B.130(2)(a), we affirm the district court's dismissal of his petition. Whitfield also failed to timely file his amended petition, which named all parties as respondents, pursuant to NRS 233B.130(2)(d); accordingly, we affirm the district court's denial of his motion to amend.

## FACTS AND PROCEDURAL HISTORY

Michael Whitfield was employed by the Nevada Department of Corrections (NDOC) as a correctional officer for approximately 13 years. NDOC regulations required Whitfield to carry a firearm and maintain Peace Officer Standards and Training (POST) certification, and in order to maintain his POST certification, he had to biannually qualify with a firearm.

In August 2017, a California court entered a domestic violence restraining order against Whitfield, making it illegal for Whitfield to use or handle firearms for a three-year period. The order made no allowance for Whitfield's employment as a correctional officer. NDOC gave Whitfield until January 2018 to resolve the protection order issue and regain the ability to carry a firearm. Whitfield was unable to get the restraining order modified, and following multiple notices and a hearing, Whitfield was dismissed from state service for failing to maintain his POST requirements.

Whitfield appealed his dismissal to the Nevada State Personnel Commission (the Commission). Hearing Officer Lorna Ward affirmed the termination. Whitfield, acting pro se, timely filed a petition for judicial review. Whitfield's petition cited the correct administrative case number and named the judgment from the Commission, but did not name any party as a respondent in the caption or body of the petition. Whitfield timely served the petition, and also summonses, upon the Attorney General's Office, the director of NDOC, and the Nevada Department of Administration.

NDOC moved to dismiss the case, arguing the court lacked jurisdiction because Whitfield's petition failed to comply with NRS 233B.130(2)(a). NDOC argued that the statute required Whitfield to name NDOC, the Commission, Hearing Officer Ward, and the Nevada Department of Administration as respondents. NDOC further contended that because NRS 233B.130(2)(d)'s 30-day window to petition for judicial review had passed, the district court no longer had jurisdiction.

Four days later, Whitfield filed an amended petition for judicial review. The caption to this amended petition included the entities and individuals that NDOC argued in its motion were required to be named as respondents. Whitfield also filed an opposition to NDOC's motion to



dismiss, arguing that under *Prevost v. State, Department of Administration*, 134 Nev. 326, 418 P.3d 675 (2018), the failure to name a required respondent in the petition's caption does not deprive a court of subject matter jurisdiction. Whitfield further contended that his amended petition, filed pursuant to NRCP 15, mooted NDOC's motion.

The district court granted NDOC's motion to dismiss. The court held that (1) Whitfield's original petition did not comply with NRS 233B.130 because he "failed to name any respondent in the caption or the body" and (2) the amended petition was not filed within 30 days after the agency's final decision as required by NRS 233B.130(2)(d). Whitfield appeals.

## DISCUSSION

The fundamental question before us is the interpretation of NRS 233B.130. In this opinion, we first address whether *Prevost*, 134 Nev. 326, 418 P.3d 675, conflicts with the plain language of NRS 233B.130(2)(a). We conclude it does and therefore overrule *Prevost*. We also conclude Whitfield's petition failed to comply with NRS 233B.130(2)(a) and the district court appropriately dismissed the petition. Finally, because Whitfield's amended petition was untimely filed under NRS 233B.130(2)(d), we conclude NRCP 15 did not allow him to amend the petition and the district court did not err by granting the motion to dismiss.

*NRS 233B.130(2)(a) requires every party of record to be named as a respondent in the petition*

Whitfield argues that his petition for judicial review satisfied NRS 233B.130(2)(a) and *Prevost* because he named the Commission and NDOC in the body of the petition. NDOC argues Whitfield did not properly name the Commission and NDOC as respondents anywhere in his petition

as required under NRS 233B.130(2)(a) and *Otto*, 128 Nev. 424, 282 P.3d 719.[1]

NRS 233B.130(2)(a) provides in pertinent part that "[p]etitions for judicial review must . . . [n]ame as respondents the agency and all parties of record to the administrative proceeding." As we explained in *Otto*, courts have appellate jurisdiction over the acts of administrative agencies only where the Legislature provides for judicial review by statute. 128 Nev. at 431, 282 P.3d at 724. Nevada's Administrative Procedure Act (the APA) controls judicial review of many administrative decisions, and the Legislature's procedure is controlling. *Id.* If a party fails to strictly comply with the statutory requirements for judicial review, the courts have no jurisdiction over the case. *Id.* at 431, 282 P.3d at 725.

In *Otto*, we concluded that NRS 233B.130(2)(a)'s plain language required strict compliance, and that its naming requirement is mandatory and jurisdictional. *Id.* at 432-33, 282 P.3d at 725. There, the petitioner failed to name the respondents individually in the caption, in the petition's text, or in an attachment, and we held that the petition was properly dismissed and that the district court lacked jurisdiction to allow the petitioner to amend its petition. *Id.* at 429, 434-35, 282 P.3d at 723, 726-27.

Subsequently, in *Prevost*, we distinguished *Otto* and concluded that the petitioner's failure to name a respondent in the petition's caption was not jurisdictionally fatal under NRS 233B.130(2)(a). *Prevost*, 134 Nev. at 328, 418 P.3d at 676-77. Pointing to *Otto*'s language faulting the petition

---

[1]NDOC further argues that Whitfield's petition fails because he did not name Ward or the Department of Administration as respondents. We need not address this argument in light of our decision.

for failing to name the respondents "in the caption, in the body of the amended petition, or in an attachment," we concluded *Otto* recognized that the failure to name a respondent in the petition's caption was not a fatal jurisdiction defect. *Id.* at 328, 418 P.3d at 676 (emphasis and internal quotation marks omitted). Accordingly, we concluded the petitioner in *Prevost* met the requirements of NRS 233B.130(2)(a) by attaching the administrative decision to the petition and thereby named the respondent "in the body of the petition through incorporation by reference." *Id.*

"[U]nder the doctrine of *stare decisis*, we will not overturn [precedent] absent compelling reasons for so doing." *Miller v. Burk*, 124 Nev. 579, 597, 188 P.3d 1112, 1124 (2008) (footnote omitted). But while we are loath to depart from the doctrine of stare decisis, we also cannot adhere to the doctrine so stridently that the law is everlasting. *Adam v. State*, 127 Nev. 601, 604, 261 P.3d 1063, 1065 (2011); *Rupert v. Stienne*, 90 Nev. 397, 400, 528 P.2d 1013, 1015 (1974). A prior holding that has proven "badly reasoned" or "unworkable" should be overruled. *State v. Lloyd*, 129 Nev. 739, 750, 312 P.3d 467, 474 (2013) (internal quotation marks omitted).

Here, Whitfield failed to name *any* respondent in the petition's caption and did not refer to any person or party as a "respondent" in the body of the petition. Although Whitfield's petition for judicial review mentions the Commission's judgment, his inability to be reinstated at NDOC, and his request to reverse the Commission's decision, it failed to identify those parties as respondents. Under *Otto*, Whitfield's petition clearly fails, as he did not name every party as a respondent anywhere in the petition. However, *Prevost* introduces confusion in this situation, as seen by Whitfield's argument that his citation to the administrative appeal number and reference to the Commission is the equivalent of attaching a decision identifying the missing respondent and therefore his petition

(O) 1947A

adequately names the respondents. But we never intended to create a sliding scale where parties are required to argue whether their case is more like *Otto* or *Prevost*, nor should courts make this determination where the statute plainly requires the petitioner to name all parties as respondents. Whitfield's argument highlights how *Prevost* created an unworkable standard that conflicts with NRS 233B.130(2)(a)'s plain language and our holding in *Otto*, a problem foreshadowed by *Prevost*'s dissent. Accordingly, we overrule *Prevost* to the extent it contradicts NRS 233B.130(2)(a)'s plain language. We hold that a petitioner must name as respondents, within the caption or petition itself, every party of record to the underlying administrative proceedings. NRS 233B.130(2)(a). If the petitioner fails to strictly comply with this requirement, the petition must be dismissed as jurisdictionally defective. *See Otto*, 128 Nev. at 426, 282 P.3d at 721. Because Whitfield failed to name any respondent in the petition,[2] we conclude the district court lacked jurisdiction to hear the petition and properly granted NDOC's motion to dismiss.

*Because Whitfield failed to invoke the district court's jurisdiction, he could not amend his petition*

Whitfield argues that he should be allowed to amend his petition because NRS 233B.130(2)(d) addresses only the time for filing a petition, not the time to amend a petition, and because this court should give liberal discretion to a pro se petitioner to amend his petition to correct

---

[2]Although Whitfield noted the Commission's decision in the body of his petition, he did not clearly indicate that the Commission itself was a respondent to the petition. Moreover, we are not persuaded that Whitfield's passing reference to his position with NDOC served to name NDOC as a respondent. Thus, even assuming, arguendo, the Commission and NDOC were the only parties of record to the underlying administrative proceedings, Whitfield's petition fails to name those necessary parties.

a technical deficiency when doing so would further equity, fairness, and justice. Whitfield further argues that because NRS 233B.130(2)(d) does not address the time to amend a petition, NRCP 15(a)'s timing requirement applies and allows for the amendment. Whitfield contends *Otto*'s rule requiring strict compliance with NRS 233B.130(2)(d)'s 30-day time limit is unworkable and deprives petitioners of due process, and he urges this court to abrogate *Otto* to allow petitioners to amend a petition outside the 30-day window.

Questions of subject matter jurisdiction are reviewed de novo. *Ogawa v. Ogawa*, 125 Nev. 660, 667, 221 P.3d 699, 704 (2009). In *Otto*, we explained that a district court cannot consider a petition that is amended after NRS 233B.130(2)(d)'s deadline if the original petition failed to invoke the district court's jurisdiction. 128 Nev. at 434-35, 282 P.3d at 727.

Here, Whitfield failed to invoke the district court's jurisdiction when he failed to name any party as a respondent in his petition for judicial review. Whitfield also moved to amend his petition after the statutory 30-day filing deadline had passed. Therefore, the district court lacked jurisdiction to allow Whitfield to amend his petition.[3] *Cf. Otto*, 128 Nev. at 435, 282 P.3d at 727. And the Nevada Rules of Civil Procedure will not apply if they conflict with the APA. *See* NRCP 81(a) ("These rules do not govern procedure and practice in any special statutory proceeding insofar as they are inconsistent or in conflict with the procedure and practice

---

[3]We decline Whitfield's invitation to create an exception to NRS 233B.130(2)(d) for pro se litigants on the basis of equity and fairness, as that would require us to judicially legislate. *See McKay v. Bd. of Cty. Comm'rs*, 103 Nev. 490, 492, 746 P.2d 124, 125 (1987) ("[I]t is not the business of this court to fill in alleged legislative omissions based on conjecture as to what the legislature would or should have done.").

provided by the applicable statute."). NRCP 15(a)(1)-(2) allows a party to amend its pleading "within . . . 21 days after serving it" or with "the court's leave," and "[t]he court should freely give leave when justice so requires." However, the district court never obtains jurisdiction over an appeal from an administrative decision if the petitioner fails to comply with NRS 233B.130(2)(d). *Otto*, 128 Nev. at 434-35, 282 P.3d at 727. If the district court does not have jurisdiction and cannot hear the case, NRCP 15(a) will not apply to allow amendment past NRS 233B.130(2)(d)'s 30-day filing deadline. *See id.*

Moreover, the statute itself, when read as a whole, weighs against adopting Whitfield's position. Notably, NRS 233B.130(5) allows the district court to extend the time for serving parties upon a showing of good cause. Because NRS 233B.130(2)(d) does not include a similar provision allowing the district court to extend the filing deadline, we conclude the Legislature intended the statute to have a strict deadline and did not intend to allow a party to amend a noncompliant petition outside the 30-day window. *Cf. Bopp v. Lino*, 110 Nev. 1246, 1252, 885 P.2d 559, 563 (1994) (applying the maxim *expressio unius est exclusio alterius*—that the inclusion of one thing implies the exclusion of another—when interpreting a statute). Therefore, we decline to modify *Otto*.

## CONCLUSION

NRS 233B.130(2)(a) requires a petitioner to name "the agency and all parties of record to the administrative proceeding" as respondents in a petition for judicial review of an administrative proceeding. We uphold *Otto*'s ruling that NRS 233B.130(2)(a)'s requirements are "mandatory and jurisdictional." 128 Nev. at 432-33, 282 P.3d at 725. We overrule *Prevost*, 134 Nev. 326, 418 P.3d 675, which held that a petitioner meets NRS 233B.130(2)(a)'s naming requirement whenever the party's name appears

in a document attached to the petition. We therefore affirm the district court's decision to dismiss Whitfield's petition, as he failed to meet NRS 233B.130(2)(a)'s naming requirements. We also affirm the district court's denial of Whitfield's untimely motion to amend, as he failed to invoke the district court's jurisdiction.

_____, J.
Silver

We concur:

_____, C.J.
Hardesty

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Herndon

 

PICKERING, J., with whom PARRAGUIRRE, J., agrees, dissenting:

Administrative agencies make decisions every day that affect people's lives and livelihoods. By law, a person who loses a contest with a Nevada administrative agency has the right to have a court review the agency's decision. Under NRS 233B.130(1),

> Any party who is:
>
> (a) Identified as a party of record by an agency in an administrative proceeding; and
>
> (b) Aggrieved by a final decision in a contested case,
>
> is entitled to judicial review of the decision.

To exercise this right, the aggrieved person must file a "petition for judicial review." NRS 233B.130(2) spells out how to go about doing this:

> Petitions for judicial review must:
>
> (a) Name as respondents the agency and all parties of record to the administrative proceeding;
>
> (b) Be instituted by filing a petition in the district court in and for Carson City, in and for the county in which the aggrieved party resides or in and for the county where the agency proceeding occurred;
>
> (c) Be served upon:
>
>> (1) The Attorney General, or a person designated by the Attorney General, at the Office of the Attorney General in Carson City; and
>>
>> (2) The person serving in the office of administrative head of the named agency; and
>
> (d) Be filed within 30 days after service of the final decision of the agency.

Aggrieved by the Nevada State Personnel Commission's decision upholding the Nevada Department of Corrections' termination of his employment, appellant Michael Whitfield timely filed the following petition for judicial review:

IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

IN AND FOR THE COUNTY OF WASHOE

* * *

IN THE MATTER OF:

MICHAEL WHITFIELD
(Appeal No. 1803430-LLW)

Petitoner,

_____ /

Case No.

Dept. No.

### PETITION FOR JUDICIAL REVIEW

**NOTICE IS HEREBY GIVEN** that Petitioner, in the above-entitled action, does hereby Petition to the Second Judicial District Court for Judicial Review from the final judgment of the Nevada State Personnel Commission in this action. Said judgement was rendered on March 1, 2019, finding Petitioner ineligible for reinstatement/rehire to his position as Nevada Department of Corrections. Petitioner alleges as follows:

1. That the decision was not supported by substantial evidence;

2. That the decision was arbitrary and capricious;

3. That the decision was marked by an abuse of discretion; and

4. That the decision was improper as a matter of law.

WHEREFORE, the Petition, Michael Whitfield, asks for the following relief:

1. That the decision of the Nevada State Personnel Commission be

reversed, and the Petitioner be determined to be eligible for reinstatement/rehire to his former position;

2. That this court grant such other and further relief as may be just, equitable, and proper.

**This document does not contain the personal information of any person as defined by NRS 603A.040.**

Dated this 20 day of March, 2019

*Michael Whitfield*
Michael Whitfield
In Proper Person

Respondent in Proper Person

Whitfield served the petition, alongside summonses, on the Office of the Attorney General for the Nevada Department of Administration (of which the Nevada Personnel Commission is a division) and the director of Nevada's Department of Corrections (NDOC). The agencies knew who Whitfield was and the decision he sought to have judicially reviewed—represented by the Attorney General's Office, they responded to the petition by filing a motion to dismiss, which the district court granted.

Whitfield did what NRS 233B.130(2) told him to do and was entitled to have the district court review his case. The crux of the majority opinion is that the petition failed to "[n]ame as respondents" the two agencies that Nevada's Administrative Procedure Act (the APA) required Whitfield to name, NRS 233B.130(2)(a)—the Nevada Personnel Commission and NDOC. The omission is fatal, the majority holds, because by the time Whitfield amended the petition in response to the agencies' motion to dismiss to add the word "respondents," the 30-day filing deadline

in NRS 233B.130(2)(d) had expired. But language's *ordinary* meaning inheres in statute, *Harris Assocs. v. Clark Cty. Sch. Dist.*, 119 Nev. 638, 641-42, 81 P.3d 532, 534 (2003), a principle particularly important here because APA petitioners are very likely to proceed without the aid of counsel. And, in this context, to "name as" only means to "identify," *Name, Merriam-Webster's Collegiate Dictionary* 823 (11th ed. 2020), while even the legal definition of a "respondent" is simply "[t]he party against whom an appeal is taken," *Respondent, Black's Law Dictionary* (11th ed. 2019). Whitfield's petition identified his former employer and the agency that reviewed his termination by name, stated that one fired him and the other upheld his termination, and explained that he sought reversal of those agencies' decisions (i.e., took an appeal against them). This plainly satisfies what NRS 233B.130(2)(a) requires. *See* Antonin Scalia & Bryan A. Gardner, *Reading Law: The Interpretation of Legal Texts* 69 (2012) (stating that "[i]nterpreters should not be required to divine arcane nuances or to discover hidden meanings" of statutes).

But without regard to how an ordinary petitioner would read NRS 233B.130(2)(a), the majority interprets it to impose hyper-technical requirements that Whitfield's petition failed to meet. And, despite the majority's purported devotion to workable standards, the actual scope of the theoretically bright-line rule it imposes is far from clear. That is, to the extent it claims to overrule *Prevost v. State, Department of Administration*, 134 Nev. 326, 328, 418 P.3d 675, 677 (2018) (holding that a petition that did not name the respondent agency in the caption was sufficient where the agency was named in the body of the petition through incorporation by reference to the attached appealed administrative decision and the agency was timely served), does the majority therefore read NRS 233B.130(2)(a) to

require that the relevant agency be named *in the caption*? This would rob, by construction, NRS 233B.130(2)(a) of its plain and obvious meaning, ignore the substance of the petition itself—which clearly invokes Whitfield's right of judicial review, *see Associated Grocers' Co. of St. Louis, Mo. v. Crowe*, 389 S.W.2d 395, 399 (Mo. Ct. App. 1965)—and set entirely different and more stringent formalities for a petition under the APA than a civil complaint requires. *See* 5A Charles Alan Wright, Arthur R. Miller & A. Benjamin Spencer, *Federal Practice and Procedure* § 1321 (4th ed. 2018) ("[T]he caption is not determinative as to the identity of the parties to the action.").

Alternatively, does the majority hold that Whitfield's petition missed the mark because it lacks the formality of the word "respondents" adjacent to the agencies' names in the body of the petition? *See Prevost*, 134 Nev. at 329, 418 P.3d at 677 (Stiglich, J., dissenting) (disagreeing "that the statute is satisfied, sufficient to confer jurisdiction, when the relevant party is simply mentioned somewhere in the petition" (emphasis omitted)).[1] But requiring non-lawyers to add labels to persons whose status as respondents the wording and context of the petition already convey creates a trap for the unwary, in that it imposes a requirement that the statute does not itself state. The better—and fairer—approach is that taken by the Iowa Supreme Court in *Cooksey v. Cargill Meat Sols. Corp.*, 831 N.W.2d 94, 104 (Iowa 2013), which upheld as adequate a petition for judicial review like that Whitfield filed here, noting that "[w]hile the term 'respondent' was not used, the petition plainly demonstrated the [agencies were] respondent[s]," as

---

[1]Of note, the summonses the court issued and Whitfield served the agencies with, along with copies of the petition, referred to each by name as "the respondent."

SUPREME COURT
OF
NEVADA

(O) 1947A

5

their respective decisions were being contested in an administrative appeal. *See also* I. Joseph Story, *Commentaries on the Constitution of the United States* § 451, at 436-37 (1833) (noting that because laws "are not designed for metaphysical or logical subtleties, for niceties of expression, [or] for critical propriety," they should be "designed for common use, and fitted for common understandings").

The rule the majority announces is not only unclear, it also conflicts with the doctrine of stare decisis. *Miller v. Burk*, 124 Nev. 579, 597, 188 P.3d 1112, 1124 (2008) (noting that this court will not overturn its precedent "absent compelling reasons for so doing"); *see Thomas v. Washington Gas Light Co.*, 448 U.S. 261, 272 (1980) (plurality opinion) (recognizing that stare decisis protects the courts' interest in orderly adjudication, as well as the broader societal interests in evenhanded, consistent, and predictable application of legal rules). Thus, the majority overturns a two-year-old opinion, *Prevost*, 134 Nev. at 328, 418 P.3d at 677, due to its supposed conflict with *Washoe County v. Otto*, 128 Nev. 424, 434, 282 P.3d 719, 726 (2012) (holding that a petition with a "deficient caption" and that "failed to identify any individual taxpayer; [and] merely described 'certain taxpayers (unidentified)' in the body of the petition as 'unidentified "certain taxpayers" who were named as parties to the matter before the State Board'" was not sufficient), which itself overturned *Civil Service Commission v. Second Judicial District Court*, 118 Nev. 186, 190, 42 P.3d 268, 271 (2002) (holding that district court erred by dismissing petition for judicial review despite the petition's failure to name an indispensable party as respondent or timely serve it on the agency because those requirements were not jurisdictional). In fact, *Otto* and *Prevost* are not in conflict—the petition in *Otto* was insufficient because it failed to name any specific

respondent at all, whether in the petition caption, in the petition's body, *in haec verba*, or not, *see* 128 Nev. at 434, 282 P.3d at 726, while the pro se petitioner in *Prevost* attached, as an exhibit to what may otherwise have been a deficient petition, the decision he appealed and served the entire document on the relevant agency, thereby incorporating the respondent's name into the body of the petition by reference, 134 Nev. at 328, 418 P.3d at 676. In the absence of such conflict, this court should not overrule its very recent precedent with such enthusiasm.

Finally, apart from its departure from the ordinary rules of statutory interpretation and the strictures of stare decisis, the rule announced today renders our state an outlier among those who operate under similar APAs. *See Hopper v. Indus. Comm'n*, 558 P.2d 927, 932 (Ariz. Ct. App. 1976) (holding that petition for judicial review was jurisdictionally sufficient despite its failure to "identify the respondent employer or respondent carrier in either the caption or the body of the petition [because] it did accurately identify the new injury claim in both the caption and the body of the petition by reference to the . . . claims file number");[2] *D.C. Dep't of Admin. Servs. v. Int'l Bhd. of Police Officers, Local 445, Serv. Emps. Int'l Union, AFL-CIO*, 680 A.2d 434, 438 (D.C. 1996) (holding that petition for judicial review was sufficient, though it did not identify an agency in a caption or refer to an agency as respondent, because the agency "acted, for all practical purposes, as the respondent it truly [was]"); *Cooksey*, 831 N.W.2d at 104 (holding that "the contents of a petition seeking review of administrative action should be evaluated in its entirety" and that

---

[2]Similar to *Hopper*, Whitfield's petition included the agency proceeding number in the caption, a correlation confirmed by the agency decision the agencies attached as an exhibit to their motion to dismiss.

identifying the respondents in the body of the petition and serving respondents with notice satisfies the requirement); *Crowe*, 389 S.W.2d at 399 (stating that *in haec verba* recital of certain language was not required to satisfy jurisdictional requirements of petition for judicial review); *Skagit Surveyors & Eng'rs, LLC v. Friends of Skagit Cty.*, 958 P.2d 962, 969 (Wash. 1998) (holding that a petitioner substantially complied with requirement of APA that parties to administrative proceeding below be named in body of petition where petitioner attached and incorporated administrative board's order in its petition and order identified all parties to proceedings before board); *cf. Fisher v. Mayfield*, 505 N.E.2d 975, 976 (Ohio 1987) (holding that a notice of appeal that failed to explicitly meet the statutory pleading requirements was sufficient to invoke the appellate jurisdiction of the court of common pleas when the parties were able to ascertain from the notice of appeal the cause being appealed). Simply put: *Otto* was correct; *Prevost* was correct; and the standard resulting from their harmonization is not unworkable. *See Cooksey*, 831 N.W.2d at 104 (harmonizing cases allowing petitions to move forward when an agency was not named in the caption but was named in the body of the petition or when the decision appealed from was identified and attached, with those when the petition was dismissed because of "a total failure to name a party within the four corners of the petition").

Respectfully, I dissent.

_____, J.
Pickering

I concur:

_____, J.
Parraguirre