# IN THE SUPREME COURT OF THE STATE OF NEVADA

LYNDA PARVEN, IN HER CAPACITY AS THE ADMINISTRATOR OF THE STATE OF NEVADA DEPARTMENT OF EMPLOYMENT, TRAINING & REHABILITATION, EMPLOYMENT SECURITY DIVISION; J. THOMAS SUSICH, IN HIS CAPACITY AS CHAIR OF THE STATE OF NEVADA DEPARTMENT OF EMPLOYMENT, TRAINING & REHABILITATION, EMPLOYMENT SECURITY DIVISION; AND STATE OF NEVADA DEPARTMENT OF EMPLOYMENT, TRAINING & REHABILITATION, EMPLOYMENT SECURITY DIVISION, Petitioners, vs.
THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE BITA YEAGER, DISTRICT JUDGE, Respondents, and
SELVIN MENDEZ, Real Party in Interest.

No. 83797

FILED

SEP 2 8 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER DENYING PETITION

This is an original petition for a writ of mandamus in an unemployment matter challenging a district court order denying a motion to dismiss the underlying petition for judicial review for lack of subject matter jurisdiction.

Selvin Mendez was discharged from his job at Newage Lake Las Vegas and received unemployment benefits. Several months later, the

22-30462

Employment Security Division (ESD) of the Nevada Department of Employment, Training, and Rehabilitation (DETR) determined Mendez was ineligible for unemployment benefits and issued an overpayment notice. Mendez appealed the decision, but the appellate referee upheld the decision and the review board declined further review. Mendez petitioned the district court for judicial review, naming DETR and Newage as respondents. DETR moved to dismiss, arguing the district court lacked jurisdiction because Mendez failed to name all the parties to the proceedings before the review board as required by NRS 612.530(1). The district court denied the motion after concluding Mendez's petition complied with NRS 612.530. ESD Administrator Lynda Parven, along with the chair of the ESD Board of Review and DETR (collectively Parven), now petition this court for a writ of mandamus, arguing Mendez was required by NRS 612.530 to name the ESD Administrator and the review board as respondents.

Mandamus is an extraordinary remedy, and it is the petitioner's burden to show a clear legal right to the requested course of action. *See Walker v. Second Judicial Dist. Court*, 136 Nev. 678, 680-81, 476 P.3d 1194, 1196-97 (2020). Parven fails to demonstrate such a legal right here. Chapter 612's provisions control over Chapter 233B's as to the question of who is a "party" to a judicial action. NRS 233B.039(3)(a). NRS 612.525(2) says, "the Administrator *shall be deemed to be a party to any judicial action*" arising from the board of review's decision. Thus, Parven was a party to the district court action by operation of law; NRS 233B.130(2)(a)'s naming requirement—and its associated case law, which Parven presses, *see, e.g., Whitfield v. Nevada State Pers. Comm'n*, 137 Nev., Adv. Op. 34, 492 P.3d 571, 573 (2021)—do not apply. Similarly, NRS

SUPREME COURT
OF
NEVADA

(O) 1947A

2

612.530(1) requires the petition for judicial review to name parties who appeared *before* the review board, it does not follow that the petition must also name the review board itself.[1]  *Cf.* NRS 233B.130(2) (requiring naming of "all parties of record to the administrative proceeding").

Accordingly, we

ORDER the petition DENIED.

_____, J.
Silver

_____, J.
Cadish

_____, J.
Pickering

cc:     Hon. Bita Yeager, District Judge
        State of Nevada/DETR
        Reid Rubinstein & Bogatz
        Eighth District Court Clerk

---

[1]Moreover, the limited record does not support Parven's argument that Mendez failed to name all parties before the review board.